UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

                                                          CASE NO. 10-70470

P & J RESOURCES, INC.                            CHAPTER 11

          DEBTOR

---

## OBJECTION TO MOTION FOR RELIEF FROM
## THE AUTOMATIC STAY FILED BY THE FONTAINES

---

Comes P & J Resources, Inc., as Debtor and Debtor in Possession (the "Debtor"), by counsel, and hereby objects to the Motion for Relief from Automatic Stay (the "Motion") [Doc. No. 24] and the Memorandum in Support of Motion for Relief from Automatic Stay (the "Memorandum") [Doc. No. 25] filed by the Fontaines.[1]  In support of its Objection, the Debtor states as follows:

### JURISDICTION AND VENUE

1.       On June 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court pursuant to Chapter 11 of the United States Bankruptcy

---

[1]      The "Fontaines" are the Raymond E. Fontaine Trust dated 12/2/88, as amended; Jean Webster, as Successor Co-Trustee of the Fontaine Trust; Patricia Fontaine, as Successor Co-Trustee of the Fontaine Trust; Kathleen Fowler, as Successor Co-Trustee of the Fontaine Trust; Mary Fontaine Carlson, as Successor Co-Trustee of the Fontaine Trust; the MPJ Fontaine Trust, U.A. DTD 10/26/98; Jean Webster, as Co-Trustee of the MPJ Trust; Patricia Fontaine, as Co-Trustee of the MPJ Trust; Mary Fontaine Carlson, as Co-Trustee of the MPJ Trust; Jean Webster, individually; Gary Webster, individually; Patricia Fontaine, individually; Mary Fontaine Carlson, individually; Robert Carlson, individually; Dylan Klempner, individually; The Raymond E. and Marie V. Fontaine Family Foundation, Inc.; The Raymond Street Group, LLC;  the Nora Carlson Irrevocable Trust; Robert Carlson, as Co-Trustee of the Carlson Trust; Cherry Driveway, LLC, a limited liability company organized and existing under the laws of the State of Washington; Joan Casartello, individually; Patricia Carucci Schwartz, individually; Arlene Everett, individually; The Piaker Family Irrevocable Trust; Matthew Piaker, as Co-Trustee of the Piaker Trust; Alan Piaker, as Co-Trustee of the Piaker Trust; Susan Kasper, as Co-Trustee of the Piaker Trust; and Rosemary Hillary, individually.

Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code").  The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.    This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3.    The Debtor is a Kentucky corporation which maintains its principal place of business in Magoffin County, Kentucky.  Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4.    The Debtor was incorporated on June 14, 1994.  The Debtor is a Kentucky Corporation that owns and operates oil and gas wells in Eastern Kentucky and Southern West Virginia.  Pamela Williams is the sole shareholder of the Debtor and is also its President and Treasurer.  Richard Williams is Secretary and Vice President of Operations of the Debtor.

5.    The Debtor has the ability to derive income from gas wells in a variety of ways, including but not limited to: i) as the owner of a working interest; ii) as the owner of a leasehold interest; and iii) as a well operator.  In addition, the Debtor may be able to generate income from the operation of one or more gas gathering or gas transmission systems.

6.    In Kentucky, the Debtor possesses a fifty percent (50%) interest of an eighty-one and one-quarter percent (81.25%) working interest[2] in approximately thirty (30) gas wells[3] located in Magoffin County.  The remaining fifty percent (50%) interest was initially owned by Mr. Raymond Fontaine, his assigns or designees. Upon Mr. Fontaine's passing in June 2007, his

---

[2]   By way of illustration, a typical ownership interest in a well is as follows:
      81.25% working interest, of which fifty percent (50%) is owned by the Debtor.
      12.5% working interest is owned by the landowner.
      6.25% is owned by the lessor.
[3]   The Debtor initially possessed an interest in over 60 such wells, but the right to drill/operate over half such wells has been lost directly or indirectly as a result of the Fontaine litigation.

interest in the wells was transferred to his heirs.  After the death of Mr. Fontaine, the business relationship between the Debtor and Mr. Fontaine's heirs soured, and on or about November 28, 2008, the heirs filed a suit in United States District Court for the Eastern District of Kentucky (the "District Court"), styled *Raymond E. Fontaine, et al, v. P & J Resources, Inc., et al*, Case No. 07-08:CV-220-ART (the "Fontaine Litigation").  The Fontaine Litigation includes claims for breach of contract and fraud claims against the Debtor and the Williams', in addition to seeking other relief. The Complaint and Amended Complaint in the Fontaine Litigation are attached to the Motion as exhibits.

7.     The Debtor does not believe that the Fontaines are willing to rely on the Debtor to operate the Kentucky wells, and the Debtor is willing to allow a third party to serve as operator of the wells in which the Fontaines have an interest.  The Debtor has had discussions with third party operators and potential purchasers of gas which can be produced by the Kentucky wells, and reasonably believes that gas production could resume shortly after approval of an agreement to do so by this Court.

8.     The Debtor also owns working interests in 27 wells in West Virginia which are not subject to the claim of the Fontaines.  The Debtor was in discussions with a third party to acquire an interest in the West Virginia wells and start production prior to the Petition Date, and such discussions continue.  The Debtor expects to present a proposal to the Court which will allow for operation of the West Virginia wells in the near future.

7.     Unless the Kentucky and/or West Virginia wells begin or resume production, the Debtor has no ready source of revenue.  The Debtor has also been in discussions with third parties for the purpose of resuming production at the remaining Kentucky wells.  Candidly, the best potential for the Fontaines to realize any recovery on their claims is for the Debtor to resume

operations and generate revenue, under the watchful eyes of this Court, the Committee, the U.S. Trustee and other interested parties.

8.      On June 30, 2010, less than one month after the Petition Date, the Fontaines filed the Motion and Memorandum seeking relief from the automatic stay to (i) proceed with the Fontaine Litigation against the Debtor and the Williams and (ii) to pursue their claims against the Debtor to a final non-appealable judgment.  The Fontaines do not seek to record a judgment lien or collect on any judgment except in the context of the Debtor's bankruptcy.  [Motion, p. 2].

9.      On April 15, 2010, the District Court entered a Memorandum Order and Opinion (the "Memorandum Order") which granted the Fontaines summary judgment on certain breach of contract claims.  *See* District Court's Memorandum Order, attached to the Memorandum as Exhibit B.  The District Court denied summary judgment on the Fontaine's veil-piercing claim and has yet to address the fraud claims.

10.     The claims in the Fontaine Litigation which remain undecided are: Count I, seeking reformation of multiple documents; Count IV, seeking damages for the alleged failure to drill wells; Count VI, which alleges fraud; Count VII, which alleges conversion; Count VIII, seeking an accounting; and Count IX, to pierce the P & J corporate veil.  [Motion, ¶ 17].

## OBJECTION

11.     Debtor objects to the Motion because upon balancing the relevant factors, the Motion fails to establish cause to grant relief from the automatic stay.

## LEGAL AUTHORITIES

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.  It gives the debtor a breathing spell from his creditors.  It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), *reprinted in* 1978 U.S. Code Cong. &

Admin. News 5787, 5963, 6296-97.  *See also*, *In re SCO Group, Inc*., 395 B.R. 852, 856 (Bankr.

D. Del. 2007) citing *Midlantic Nat'l Bank v. New Jersey Dept. of Envtl. Protection,* 474 U.S.

494, 503 (1986).

12.     The purpose of the automatic stay is to:

(1)     prevent certain creditors from gaining a preference for their claims against the debtor;

(2)     forestall the depletion of the debtor's assets due to legal costs in defending proceedings against the debtor; and,

(3)     avoid interference with the orderly liquidation or rehabilitation of the debtor.

*SCO Group, Inc.* 395 at 856 quoting *St. Croix Condominium Owners v. St. Croix Hotel,* 682 F.2d

446, 448 (3d Cir.1982).  Leaving the automatic stay intact and unaltered is necessary in this

matter to (i) prevent depletion of the Debtor's minimal assets due to the legal costs associated

with defending the Fontaine Litigation; and (ii) avoid interference with the orderly rehabilitation

of the Debtor because the Debtor has insufficient financial and human resources to

simultaneously defend litigation and resume operations.

13.     The Motion is governed by 11 U.S.C. §362(d)(1), which provides that the

automatic stay may be terminated, annulled, modified or conditioned "for cause."  11 U.S.C. §

362 (d)(1).  The Bankruptcy Code does not define "cause."  The decision to lift the automatic

stay is within the discretion of the Court and should be made on a case-by-case basis.  *In re*

*Moralez*, 128 B.R. 526, 527 (Bankr. E.D. Mich. 1991) (citations omitted).

14.     The Fontaines, as the party requesting relief from the automatic stay, have the

burden of proof on the issue of whether the relief requested is appropriate under the

circumstances.  *In re Tribune Co*., 418 B.R. 116, 127 (Bankr. D. Del. 2009) ("To apply section

362(g)(2)[4] otherwise to section 362(d)(1) would force the debtor to prove a negative, that no

cause exists").  The Motion and Memorandum do not satisfy this burden, as more fully set forth

below.

15.    In this district, the Court has used a balancing test – weighing the interest of the

estate against the hardships that will be incurred by the creditor-plaintiff – to determine whether

relief from the automatic stay should be granted.  The factors to be considered are whether:

(i)    "great" prejudice to the bankruptcy estate or the debtor will result if the civil suit continues;

(ii)    hardship to the plaintiff outweighs hardship to the Debtor; and

(iii)    the plaintiff will probably prevail on the merits.

*In re Leckie*, 1992 Bankr. Lexis 2560 (Bankr. E.D. Ky. May 22, 1992) (J. Howard) *citing In re*

*Parkinson*, 102 B.R. 141 (Bankr. C.D. Ill. 1988); *see also Moralez*, 128 B.R. at 527-28 (Court

should balance the harm to the parties; consider the effect of lifting the stay on the administration

of the bankruptcy estate and consider whether the tribunal where the creditor proposes to litigate

has special expertise in dealing with the issues).

16.    Furthermore, the Sixth Circuit has identified five factors to consider when

deciding whether to lift the stay, albeit in an unpublished decision:

(i)    judicial economy

(ii)    trial readiness;

(iii)    the resolution of preliminary bankruptcy issues;

(iv)    the creditor's chance of success on the merits;

(v)    the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on the other creditors.

---

[4]   11 U.S.C. § 362(g) provides that a movant has the burden of proof on equity in property, and respondents have the burden of proof on all other issues.

*In re Garzoni*, 2002 WL 962154, *2 (6th Cir. 2002) (Copy attached hereto as <u>Exhibit A</u>) citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996).

17.     In the instant proceeding, an analysis of the *Leckie* and *Garzoni* factors tip the balance in favor of denying the Motion.

## <u>ARGUMENT</u>

**I.     <u>Insufficient cause exists to grant the Fontaines relief from the automatic stay.</u>**

**A.     "Great" prejudice to the bankruptcy estate or the debtor will result if the stay is lifted.**

18.     Until the Debtor resumes operations, the Debtor is without funds necessary to defend the Fontaine Litigation.  Billy Shelton, Esq., counsel to the Debtor prior to the Petition Date, estimates that the cost of defending the Debtor during an estimated five-day trial of the Fontaine Litigation would be in excess of $10,000.  The Motion is incorrect in stating that the Debtor has retained litigation counsel.  The Debtor has not sought or obtained approval to employ special counsel to defend the Fontaine Litigation, which is required under the Bankruptcy Code.  The Debtor and the Estate will be irreparably harmed if the Debtor is required to defend the Fontaine Litigation, as it simply cannot afford to do so.  The Debtor's bankruptcy counsel is not familiar enough about the claims asserted in the Fontaine Litigation to effectively defend such claims at trial and it would be expensive and time-consuming for bankruptcy counsel to take over defense of the Fontaine litigation on behalf of the Debtor.  The Debtor would be extremely prejudiced if forced to defend the Fontaine Litigation without counsel who is knowledgeable about the remaining claims, as well as the prior history of the Fontaine Litigation.[5]

---

[5]  The Debtor's officers were deposed for more than a week and the proposed trial exhibits are extensive.  A copy of the docket for the Fontaine Litigation is attached as <u>Exhibit B</u>.

19.     Preparation for and trial of the Fontaine Litigation will necessarily involve the officers of the Debtor, Pamela and Richard Williams.  If the Debtor is to have any realistic chance at reorganization, the full efforts of the Debtor's officers must be focused on producing and selling natural gas.  If the stay is lifted to permit the Fontaine Litigation to proceed, the chances of reorganization drop dramatically, to the prejudice of the Debtor and the Estate.  Consequently, because it appears that it will be necessary to ensure an effective reorganization of the Debtor, the Debtor will soon file an action seeking to extend the stay to the officers and directors of the Debtor.

20.     Furthermore, the District Court is not the best forum for several of the claims asserted in the Fontaine Litigation.  The remaining claims against the Debtor (reformation – Count I; breach of contract – Count IV; fraud – Count VI; conversion – Count VII and accounting – Count VII) are best addressed by this Court because they are easily handled by the claims resolution process or they involve property of the estate.  The veil-piercing claims have no impact on the Estate and the Estate should not have to incur the legal costs to defend them.

21.     Count I of the Fontaine Complaint and Amended Complaint seek reformation of multiple contracts.  Upon information and belief, the Fontaines are asking the District Court to modify lease assignments and leases that are property of the Estate.  The Debtor's rights under the leases in question are property of the Estate and this Court should retain jurisdiction over the definition and disposition of those property interests to avoid prejudice to the Estate.  Additional creditors of the Debtor now have an interest in these property rights, yet those parties are not before the District Court in the Fontaine Litigation.  Accordingly, creditors and other interested parties may be prejudiced by a process which determines the nature and scope of the Debtor's property interests without the ability for them to be heard.

**B.      Any hardship to the plaintiff does not outweigh the hardship to the Debtor.**

22.      The only hardship imposed on the Fontaines by maintaining the Stay is to delay liquidation of their claims.  The Fontaines are clearly able to calculate at least a portion of their claims, having tendered a judgment to the District Court with fixed dollar amounts (Memorandum, Exhibit C).  In addition, the Fontaines have filed numerous claims with this Court reflecting a dollar range for their unliquidated claims.  The claims resolution process available in this Court offers an alternate, more efficient method for liquidating any remaining Fontaine claims as opposed to litigating them in the District Court.  However, as set forth above, the hardship on the Debtor if required to defend the Fontaine Litigation is significant.

23.      The Fontaines will be precluded from effectively proceeding against the Williams on fraud and veil-piercing allegations if their Motion is not granted.  It appears that any damages awarded on such claims would overlap substantially with the Fontaines' remaining claims against the Debtor.  Requiring the Debtor to participate in the litigation of such claims will greatly impact the Estate by diverting the time and efforts of the Debtor's officers from this case, in addition to depleting limited financial resources.  The Fontaines offer no evidence that they will be harmed by a delay in pursuing their claims against the Williams individually, the collectability of which appears questionable.[6]  The Estate should not be compelled to expend limited funds and resources to litigate claims that can be resolved in this Court, or that will have no direct impact on this Estate.

**C.      Evidence is lacking that the Plaintiffs will probably prevail on the merits.**

24.      The Fontaines fall woefully short of meeting their burden on this factor.  In fact,

---

[6]   The Williams (and certain Fontaine parties) are defendants in a foreclosure action against the Williams' home, *Cumberland Valley National Bank and Trust Co. v. Richard D. Williams, et. al.*, Magoffin Circuit Court Case No. 10-CI-00012.  It appears a judgment and order of sale may be imminent in that action.

the Fontaines provide no evidence that they will be able to prevail on the merits of their fraud or veil-piercing claims, but simply allege that their evidence is "overwhelming," as would any party in their position.  One assumes such "overwhelming" evidence regarding veil piercing was presented to the District Court in conjunction with the Fontaines' summary judgment motion, yet the District Court found that the Fontaines "have not shown that the [District] Court must pierce P&J's corporate veil at this time."  [Memorandum Order, p. 15].  The District Court held that "Kentucky law instructs courts to pierce the corporate veil 'reluctantly and cautiously'". [Memorandum Order, p. 16].  The District Court found that not only must the Fontaines prove "unity of ownership and interest" between the Debtor and the Williams; the Fontaines must also show "a link between the abuse of the corporate form and a fraud or injustice caused to them." In denying summary judgment, the District Court found that the Fontaines "have neither (1) shown that the Williams caused them a fraud or injustice, nor (2) linked this abuse of the corporate form to their injury."  [Memorandum Order, p. 17].  The District Court did not address the fraud claim.  *Id.*

> **D.**    **Judicial economy can be achieved through the claims resolution process.**

25.    The majority, if not all, of the Fontaine parties have filed proofs of claim in this matter.  [POC Nos. 17-33].  A proof of claim constitutes prima facie evidence of the validity and amount of the claim.  Federal Rule of Bankruptcy Procedure 3001(f); 11 U.S.C. § 502(a); *In re Griffin Oil Co., Inc*.  149 B.R. 419, 424 (Bankr. E.D. Tex. 1992) (citations omitted) ("proof of claim, once filed, is prima facia evidence of the claim.  Once filed, the proof of claim is deemed allowed unless a party in interest objects."); *In re Nantucket Aircraft Maintenance Co., Inc*.  54 B.R. 86, 88 (Bankr. Mass. 1985) ("A proof of claim constitutes prima facia evidence of the validity and amount of the claim.")  To the extent the Fontaines need additional information to

calculate their claims, several procedures are available in this Court for that purpose, and their claims may be readily amended.  Accordingly, the Fontaines have filed claims which preserve and protect their rights.

26.    Judicial economy would best be served by having the Fontaine claims handled through the claims resolution process available in this Court.  At this juncture, using the limited resources of the District Court to determine the extent of property rights or the liquidated amount of damages claimed by the Fontaines is not economical or efficient.  Limited resources are best spent on allowing the Debtor to reorganize and obtain insight into the ability of the Debtor to satisfy claims before expending thousands of dollars and scores of hours on liquidating them.

27.    Upon information and belief, the Debtor and the Fontaines engaged in settlement discussions to resolve the Fontaine Litigation, albeit to no avail.  The reality is that the Debtor's bankruptcy alters the landscape for potential settlement of the Fontaines' claims, and it is well-established that the law favors settlements.  Judicial economy will be served by allowing the Debtor and the Fontaines time to attempt a settlement of the remaining claims, rather than proceeding apace to litigate them in a sister forum.

**E.    The Debtor is currently unable to try the Fontaine Litigation.**

28.    While the Fontaine Litigation was set for trial around the Petition Date, as set forth above, the Debtor is not currently able to proceed with the Fontaine Litigation.  The Debtor has not sought authority to retain litigation counsel, nor the money to retain same, and Debtor's bankruptcy counsel is not currently able to defend on the Debtor's behalf.  The Debtor acknowledges that trial of the District Court case was looming, but submits that information gathered during trial preparation in the District Court proceeding will allow the parties to efficiently complete the claims liquidation process in this Court.

**F.      There are no preliminary bankruptcy issues to resolve.**

29.     The Debtor does not perceive there are bankruptcy issues which need to be resolved prior to ruling on the Motion; however, the main issues present in any reorganization are present, and granting the Motion will delay or deny the Debtor's opportunity to address the overarching issues in this case.

**II.     Granting Relief from the Automatic Stay is not Economical, Practical or Necessary.**

30.     In weighing the various factors relevant to a request to terminate the automatic stay for cause, a court should give great weight to the impact such relief will have upon the administration of the Estate and the rights of all creditors.  Terminating the stay to allow the Fontaine Litigation to proceed will be detrimental to the Debtor and unsecured creditors of the Estate because it will only increase administrative expenses with no resultant benefit to creditors.

31.     The Fontaines are not faced with substantial hardship or prejudice by a denial of their Motion.  The most appropriate method for resolving the Fontaine claims is the claims resolution process provided by the Bankruptcy Code.  The Fontaines have initiated this process by filing numerous proofs of claim (*see* POC Nos. 17-33).  Once all creditors and parties in interest have a clearer picture of the Debtor's ability to reorganize and the potential to pay claims, the Debtor may object to such claims and any issues related to their liquidation may be resolved by this Court.  If the Debtor later incurs expenses to resolve the remaining Fontaine claims, such expenses will be minimized and incurred at a more appropriate time than the beginning stages of a case.

32.     Furthermore, it is unclear why the Fontaine Litigation should proceed at this time, other than for the Fontaines' convenience.  The Motion and Memorandum only state that the Fontaines seek to proceed with the Fontaine Litigation against the Debtor and the Williams and

"to pursue their claims to final non-appealable judgment." The Fontaines do not seek to record a judgment lien or collect on any judgment except in the context of the Debtor's bankruptcy. [Motion, p. 2]. No reasoning is given of why this must occur now or cannot take place with the confines of the claims resolution procedures set forth in the Bankruptcy Code. To the extent the Fontaines seek reformation of documents or an accounting, such matters are best handled by this Court because they involve property of the Estate.

33.    Finally, requiring the Debtor to defend fraud and veil-piercing claims would require the Debtor to expend funds that have no bearing on the administration of the Estate. Such a result is inefficient, wasteful and inapposite to the goals of the Bankruptcy Code. Resolving the Fontaines' claims through the claims administration process would be cost effective and reduce the burden for all parties involved.

## CONCLUSION

34.    Hardship and prejudice are in abundant supply for both debtors and creditors in the bankruptcy context. In order to achieve the underlying goal of permitting a debtor to reorganize its affairs, the Bankruptcy Court must evaluate numerous factors and balance the hardships and prejudice which may be visited not only upon a party seeking relief from the stay for cause, but upon the Debtor and the Estate. That balancing act tips strongly in favor of the Debtor in this case for the numerous reasons set forth above. Furthermore, numerous options are available to the Fontaines in this Court to allow them to resolve their claims without lifting the automatic stay. In order to fulfill the purpose of the automatic stay, and to preserve and protect the assets of the Estate for the benefit of all creditors, the Motion should be denied.

WHEREFORE, based on the foregoing, the Debtor respectfully requests that the Motion for relief from the automatic stay be DENIED and that the Debtor be granted any and all other relief to which it may be entitled.


Respectfully submitted,

DELCOTTO LAW GROUP PLLC


/s/ T. Kent Barber, Esq.
Dean A. Langdon, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
kbarber@dlgfirm.com
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)


## CERTIFICATE OF SERVICE

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first-class U.S. mail, postage prepaid, as indicated, on July 12, 2010, on the parties listed on Master Service List No. 2 dated July 2, 2010 [Doc. No. 28].

/s/ T. Kent Barber, Esq.
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)


Z:\Clients\P & J Resources, Inc\Pleadings\Relief Motion Fontaine Objection FV 20100712.doc

# EXHIBIT A

Westlaw

35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.)))**

This case was not selected for publication in the Federal Reporter.

Not for Publication in West's Federal Reporter See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Sixth Circuit Rule 28. (Find CTA6 Rule 28)

United States Court of Appeals,
Sixth Circuit.
In re: Michael J. GARZONI, Debtor,
Michael J. Garzoni, Plaintiff-Appellant,
v.
K-Mart Corporation, Defendant-Appellee.
**No. 01-1743.**

May 8, 2002.

Debtor appealed order of the United States District Court for the District of Michigan affirming bankruptcy court's orders granting creditor's motion to lift automatic stay, and permitting creditor to file dischargeability complaint. The Court of Appeals held that decision to grant creditor relief from automatic stay was not abuse of discretion.

Affirmed.

West Headnotes

**Bankruptcy 51 ☞2422.5(4.1)**

51 Bankruptcy
    51IV Effect of Bankruptcy Relief; Injunction and Stay
        51IV(C) Relief from Stay
            51k2422 Cause; Grounds and Objections
                51k2422.5 In General
                    51k2422.5(4) Particular Cases
                        51k2422.5(4.1) k.  In General. Most Cited Cases
Bankruptcy court's decision to grant creditor relief from automatic stay to permit it to proceed in state

court actions against debtor for fraud and breach of fiduciary duty was not abuse of discretion, where state actions were ready for trial, claims were based on state law, there was potential for inconsistent decisions on identical claims, and duplication would have resulted if creditor had pursued its claims against debtor in bankruptcy court. Bankr.Code, 11 U.S.C.A. § 362(d)(1).

**\*179** Before MERRITT, SUHRHEINRICH, and GILMAN, Circuit Judges.

**\*\*1** This is a bankruptcy case. Michael J. Garzoni appeals a district court order affirming: 1) the bankruptcy court's order that granted the K-Mart Corporation's ("K-Mart") motion to lift the automatic stay, entered September 21, 2000; 2) the **\*180** bankruptcy court's order that denied K-Mart's motion to reconsider the order lifting the stay, entered November 2, 2000; and 3) the bankruptcy court's order that granted K-Mart's "Motion to Clarify the Court's Ruling as to K-Mart's Substantive Rights under 11 U.S.C. § 523 and Fed. R. Bankr.P. 4007(c), or in the Alternative, to Permit Filing of a Complaint to Determine Dischargeability," entered January 11, 2001. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On May 26, 2000, Garzoni filed a voluntary petition for Chapter 7 bankruptcy relief at which point two state court actions were stayed. K-Mart brought the state court actions against Garzoni for fraud and breach of a fiduciary duty. On June 16, 2000, K-Mart filed a motion to lift the stay and alternatively made a request that the bankruptcy court dismiss Garzoni's case as a bad faith filing. A hearing was held on August 10, 2000, at which the bankruptcy court denied K-Mart's request for a dismissal, but granted K-Mart's request to lift the stay and allow K-Mart to proceed against Garzoni in state court

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.))
(Not Selected for publication in the Federal Reporter)
(Cite as: 35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.)))

actions in the Oakland County Circuit Court, and in the 189th Judicial District Court of Harris County, Texas. Thereafter, the parties attempted to submit a joint stipulated order reflecting the bankruptcy court's rulings. The parties could not agree to an order so K-Mart submitted a proposed order on August 21, 2000. Garzoni objected to the proposed order; a hearing on his objections was set for September 21, 2000. On August 21, 2000, K-Mart filed a motion to Extend Bar Date to File Complaint to Determine Dischargeability of Debt. On September 14, 2000, the bankruptcy court entered an order extending the bar date to October 2, 2000.

However, at the September 21, 2000, hearing on Garzoni's objections to K-Mart's proposed order lifting the stay, the bankruptcy court granted K-Mart's motion to lift the stay and entered an order that same day. Garzoni filed a motion for reconsideration, which the bankruptcy court denied on November 2, 2000. Garzoni appealed the September 14, 2000, and November 2, 2000, orders to the district court.

K-Mart, believing that the November 2, 2000, order, together with the bankruptcy court's comments at the September 21, 2000 hearing, preserved its right to have dischargeability determined after judgment in the state court actions and therefore supplanted the order of September 14, 2000. K-Mart did not file a complaint to determine dischargeability on October 2, 2000.

On October 5, 2000, Garzoni filed a motion to enforce discharge in the Oakland County Action. Garzoni requested the state court to enjoin K-Mart from proceeding against him because K-Mart did not file a complaint to determine dischargeability by the bar date. Thereafter, K-Mart filed a motion to clarify the bankruptcy court's September 21, 2000, order to make sure that K-Mart had preserved its right to file a complaint to determine dischargeability until after the conclusion of the state court actions. A hearing was held on November 11, 2000. On January 11, 2001, the bankruptcy court granted K-Mart's motion to clarify and confirmed

K-Mart's understanding and further clarified that K-Mart can file a complaint to determine dischargeability within 20 days after obtaining a judgment in each of the state court actions. Garzoni appealed this decision to the district court. In an order and judgment filed April 6, 2001, the district *181 court affirmed the bankruptcy court's decisions. Reconsideration was denied.

**2 On December 14, 2000, the state court ruled on the parties' pending motions. The state court granted partial summary judgment in favor of K-Mart, and awarded K-Mart $435,000 in damages. On January 2, 2001, K-Mart filed a complaint to determine dischargeability.

On appeal, Garzoni essentially argues: 1) that the bankruptcy court erred in lifting the automatic stay; and 2) that K-Mart missed the bar date for filing a dischargeability complaint, and the bankruptcy court lacked the authority to extend the bar date.

We review directly a bankruptcy court's decision, not the district court's review of the bankruptcy court's decision. *Trident Assocs. Ltd. P'ship v. Metro Life Ins. Co. (In re Trident Assocs. Ltd. P'ship),* 52 F.3d 127, 130 (6th Cir.1995). We review the bankruptcy court's findings of fact for clear error and its legal conclusions de novo. *See Invs. Credit Corp. v. Batie (In re Batie),* 995 F.2d 85, 88 (6th Cir.1993).

The decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court. *See Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship),* 30 F.3d 734, 737 (6th Cir.1994); *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir.1990). Accordingly, we review the question for an abuse of discretion.

Bankruptcy Code § 362(d)(1) provides that the bankruptcy court may grant relief from the automatic stay for cause. *See* 11 U.S.C. § 362(d)(1). The bankruptcy court considers the following

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.))
**(Not Selected for publication in the Federal Reporter)**
**(Cite as: 35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.)))**

factors in deciding whether to lift a stay: 1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors. *See In re United Imports, Inc.,* 203 B.R. 162, 167 (Bankr.D.Neb.1996).

The bankruptcy court properly assessed these standards, giving weight to trial readiness in both state actions, the state law basis for the claims, the potential for inconsistent decisions on identical claims, and the duplication that would result if K-Mart pursued its claims against Garzoni in the bankruptcy court. Upon a review of the bankruptcy court's assessment, we are not left with a definite and firm conviction that it erred in its factual findings or legal conclusions. *See Davis v. Jellico Cmty. Hosp., Inc.,* 912 F.2d 129, 133 (6th Cir.1990). In short, we can find no abuse of discretion in the bankruptcy court's decision to grant relief from the automatic stay. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

As to Garzoni's argument regarding the bar date, Fed. R. Bankr.P. 4007(c) designates the time period within which complaints to determine dischargeability of a debt must be filed. Rule 4007(c) provides, in part, that "[a] complaint to determine the dischargeability of a debt under § 523(c) shall be filed not later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c).

**\*\*3** Here, the first creditors meeting was set for June 2, 2000, and the time to file a complaint to determine dischargeability was August 21, 2000. K-Mart filed its motion to lift the stay on June 16, 2000. The hearing on the motion to lift the stay was held on August 10, 2000, at which time the bankruptcy court indicated on the record-although Garzoni contends otherwise-that the stay was lifted, that K-Mart could proceed to judgment, and that **\*182** dischargeability would be determined later. Thus, at that point, although K-Mart had not yet

filed its motion to extend the bar date, the bar date was extended. K-Mart then filed its motion to extend the bar date on August 21, 2000, the deadline for filing a discharge complaint.

While in its order dated September 14, 2000, the bankruptcy court gave K-Mart until October 2, 2000, for filing a complaint, the date was later changed at the hearing on September 21, 2000 (for lifting the stay), giving K-Mart until after a judgment was obtained in the state court actions. Despite Garzoni's protestations to the contrary, the bankruptcy court's clarification order was not the first time this extension was granted; an extension was granted at the time the order lifting the stay was entered. To hold otherwise would be nonsensical. Thus, because the bankruptcy court did not violate Rule 4007(c) by extending the time for K-Mart to file a complaint to determine dischargeability, it follows that its order clarifying the same was not erroneous.

Accordingly, the district court's order affirming the bankruptcy court's order that granted K-Mart's motion to lift the automatic stay, entered September 21, 2000; the bankruptcy court's order that denied Garzoni's motion to reconsider the order lifting the stay, entered November 2, 2000; and the bankruptcy court's order that granted K-Mart's "Motion to Clarify the Court's Ruling as to K-Mart's Substantive Rights under 11 U.S.C. § 523 and Fed. R. Bankr.P. 4007(c), or in the Alternative, to Permit Filing of a Complaint to Determine Dischargeability," entered January 11, 2001, are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Mich.),2002.
In re Garzoni
35 Fed.Appx. 179, 2002 WL 962154 (C.A.6 (Mich.))

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# EXHIBIT B

# U.S. District Court
## Eastern District of Kentucky (Pikeville)
## CIVIL DOCKET FOR CASE #: 7:08-cv-00220-EBA

Trust et al v. P & J Resources, Inc. et al
Assigned to: Magistrate Judge Edward B Atkins
Cause: 28:1332 Diversity-Contract Dispute

Date Filed: 11/24/2008
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

### Plaintiff

**Raymond E. Fontaine Trust**
*dated 12/2/88, as amended, by and through, successor co-trustees*
-
Jean Webster
-
Patricia Fontaine
-
Kathleen Fowler
-
Mary Fontaine Carlson

represented by **Karen J. Greenwell**
Wyatt, Tarrant & Combs LLP -
Lexington
250 W. Main Street
Suite 1600
Lexington, KY 40507
859-233-2012
Fax: 859-259-0649
Email: kgreenwell@wyattfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
Wyatt, Tarrant & Combs LLP -
Lexington
250 W. Main Street
Suite 1600
Lexington, KY 40507
859-233-2012
Email: bwells@wyattfirm.com
*ATTORNEY TO BE NOTICED*

### Plaintiff

**MPJ Fontaine Trust, U.A.**
*dated 10/26/98, by and through, co-trustees*
-
Jean Webster
-
Patricia Fontaine
-
Mary Fontaine Carlson

represented by **Karen J. Greenwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Jean Webster**                                    represented by **Karen J. Greenwell**
*Individually*                                      (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Brian Floyd Wells**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Gary Webster**                                    represented by **Karen J. Greenwell**
*Individually*                                      (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Brian Floyd Wells**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Patricia Fontaine**                               represented by **Karen J. Greenwell**
*Individually*                                      (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Brian Floyd Wells**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Mary Fontaine Carlson**                           represented by **Karen J. Greenwell**
*Individually*                                      (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Gregory Brian Floyd Wells**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Robert Carlson**
*Individually*

represented by **Karen J. Greenwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**Dylan Klempner**
*Individually*

represented by **Karen J. Greenwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**The R.E. and M.V. Fontaine
Family Foundation, Inc.**

represented by **Karen J. Greenwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**The Nora Carlson Irrevocable
Trust**
*by and through, co-trustees*
-
Mary Fontaine Carlson
-
Robert Carlson

represented by **Karen J. Greenwell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**The Raymond Street Group, LLC**

represented by **Karen J. Greenwell**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Cherry Driveway, LLC** | represented by | **Karen J. Greenwell** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Joan Casartello**<br>*Individually* | represented by | **Karen J. Greenwell** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Patricia Carucci Schwartz**<br>*Individually* | represented by | **Karen J. Greenwell** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Piaker Family Irrevocable Trust**<br>*by and through, co-trustees*<br>-<br>Matthew Piaker | represented by | **Karen J. Greenwell** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

-
Alan Piaker
-
Susan Piaker

**Gregory Brian Floyd Wells**
(See above for address)
*ATTORNEY TO BE NOTICED*


**Plaintiff**
**Rosemary Hillary**                       represented by  **Karen J. Greenwell**
*Individually*                                             (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Gregory Brian Floyd Wells**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*


**Plaintiff**
**Arlene Everett**                         represented by  **Karen J. Greenwell**
*Individually*                                             (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Gregory Brian Floyd Wells**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*


V.
**Defendant**
**P & J Resources, Inc.**                  represented by  **Billy R. Shelton**
                                                           Jones, Walters, Turner & Shelton,
                                                           PLLC
                                                           151 N. Eagle Creek Dr.
                                                           Suite 310
                                                           Lexington, KY 40509
                                                           859-294-6868
                                                           Fax: 859-294-6866
                                                           Email: bshel18140@aol.com
                                                           *ATTORNEY TO BE NOTICED*


**Defendant**

**Richard Williams**                       represented by  **Billy R. Shelton**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pamela Williams**                    represented by    **Billy R. Shelton**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*


**Defendant**

**CDDL, Inc.**                         represented by    **Billy R. Shelton**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*


| Date Filed | # | Docket Text |
|---|---|---|
| 11/24/2008 | <u>1</u> | COMPLAINT (Filing fee $350; receipt number 1359913), filed by plas Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. (Attachments: # <u>1</u> Civil Cover Sheet, # <u>2</u> Summons for Jean Williams, # <u>3</u> Summons for Pamela Williams, # <u>4</u> Summons for Richard Williams, # <u>5</u> Case Assignment, # <u>6</u> Exhibit 1 - Circle J. 4 & 5 Letter Agreement, # <u>7</u> Exhibit 2 - Circle J. 4 Assignment, # <u>8</u> Exhibit 3 - Circle J. 5 Assignment, # <u>9</u> Exhibit 4 - Circle J. 1 & 2 Letter Agreement, # <u>10</u> Exhibit 5 - Circle J. 1 Assignment, # <u>11</u> Exhibit 6 - Circle J. 2 Assignment, # <u>12</u> Exhibit 7 - Fred Howard 1 & Kash Arnett 2 Letter Agreement, # <u>13</u> Exhibit 8 - Fred Howard 1 Assignment, # <u>14</u> Exhibit 9 - Kash Arnett 2 Assignment, # <u>15</u> Exhibit 10 - Fred Howard 1 Assignment, # <u>16</u> Exhibit 11 - Kash Arnett 2 Assignment, # <u>17</u> Exhibit 12 - Fred Howard 1 Assignment, # <u>18</u> Exhibit 13 - Kash Arnett 2 Assignment, # <u>19</u> Exhibit 14 - P&R Trust 1 & 2 Letter Agreement, # <u>20</u> Exhibit 15 - P&R Trust 1 Assignment, # <u>21</u> Exhibit 16 - P&R Trust 1 Assignment, # <u>22</u> Exhibit 17 - P&R Trust 1 Assignment, # <u>23</u> Exhibit 18 - P&R Trust 2 Assignment, # <u>24</u> Exhibit 19 - P&R Trust 3 Letter Agreement, # <u>25</u> Exhibit 20 - P&R Trust 3 Assignment, # <u>26</u> Exhibit 21 - P&R Trust 3 |

Assignment, # <u>27</u> Exhibit 22 - F.S. Martin 3 Letter Agreement, # <u>28</u> Exhibit 23 - F.S. Martin 3 Assignment, # <u>29</u> Exhibit 24 - Prater 1 Letter Agreement, # <u>30</u> Exhibit 25 - Prater 1 Assignment, # <u>31</u> Exhibit 26 - F.S. Martin 4 Letter Agreement, # <u>32</u> Exhibit 27 - F.S. Martin 4 Assignment, # <u>33</u> Exhibit 28 - P&R Trust 4 Letter Agreement, # <u>34</u> Exhibit 29 - P&R Trust 4 Assignment, # <u>35</u> Exhibit 30 - Minix 1 & 2 Letter Agreement)(TDA) (Entered: 11/25/2008)

| 11/24/2008 | <u>2</u> | NOTICE OF FILING ADDITIONAL EXHIBITS 31-60 re <u>1</u> Complaint, filed by plas. (Attachments: # <u>1</u> Exhibit 31 - Minix 1 Assignment, # <u>2</u> Exhibit 32 - Minix 2 Assignment, # <u>3</u> Exhibit 33 - F.S. Martin 2 Letter Agreement, # <u>4</u> Exhibit 34 - F.S. Martin 2 Assignment, # <u>5</u> Exhibit 35 - Twenty Well Letter Agreement, # <u>6</u> Exhibit 36 - Minix 3 Assignment, # <u>7</u> Exhibit 37 - Bailey 1 Assignment, # <u>8</u> Exhibit 38 - Prater 2 Assignment, # <u>9</u> Exhibit 39 - Prater 3 Assignment, # <u>10</u> Exhibit 40 - Bates 1 Assignment, # <u>11</u> Exhibit 41 - Arnett 7 Assignment, # <u>12</u> Exhibit 42 - Arnett 8 Assignment, # <u>13</u> Exhibit 43 - Reed 1 Assignment, # <u>14</u> Exhibit 44 - Reed 2 Assignment, # <u>15</u> Exhibit 45 - Reed 3 Assignment, # <u>16</u> Exhibit 46 - Reed 4 Assignment, # <u>17</u> Exhibit 47 - Rowe 1 Assignment, # <u>18</u> Exhibit 48 - Dunn 2 Assignment, # <u>19</u> Exhibit 49 - Dunn 3 Assignment, # <u>20</u> Exhibit 50 - P&R Trust 5 Assignment, # <u>21</u> Exhibit 51 - A. Bailey 2 Assignment, # <u>22</u> Exhibit 52 - Circle J. 3 Assignment, # <u>23</u> Exhibit 53 - May 10 Assignment, # <u>24</u> Exhibit 54 - May 10 Assignment, # <u>25</u> Exhibit 55 - May 10 Assignment, # <u>26</u> Exhibit 56 - May 10 Assignment, # <u>27</u> Exhibit 57 - May 11 Assignment, # <u>28</u> Exhibit 58 - May 11 Assignment, # <u>29</u> Exhibit 59 - May 12 Assignment, # <u>30</u> Exhibit 60 - May 12 Assignment)(TDA) (Entered: 11/25/2008) |
| 11/24/2008 | <u>3</u> | NOTICE OF FILING OF ADDITIONAL EXHIBITS 61-90 re <u>1</u> Complaint, filed by plas. (Attachments: # <u>1</u> Exhibit 61 - May 12 Assignment, # <u>2</u> Exhibit 62 - Puckett 1 Letter Agreement, # <u>3</u> Exhibit 63 - Puckett 1 Assignment, # <u>4</u> Exhibit 64 - Puckett 1 Assignment, # <u>5</u> Exhibit 65 - J.W. Howard 3 Assignment, # <u>6</u> Exhibit 66 - J.W. Howard 3 Assignment, # <u>7</u> Exhibit 67 - Circle J. 7 Letter Agreement, # <u>8</u> Exhibit 68 - Circle J. 7 Assignment, # <u>9</u> Exhibit 69 - Arnett 10 Letter Agreement, # <u>10</u> Exhibit 70 - Arnett 10 Assignment, # <u>11</u> Exhibit 71 - P&J 1 Letter Agreement, # <u>12</u> Exhibit 72 - P&J 1 Assignment, # <u>13</u> Exhibit 73 - P&J 1 Letter Agreement, # <u>14</u> Exhibit 74 - P&J 1 Assignment, # <u>15</u> Exhibit 75 - P&R Trust 8 & 9 Letter Agreement, # <u>16</u> Exhibit 76 - P&R Trust 8 Assignment, # <u>17</u> Exhibit 77 - P&R Trust 9 Assignment, # <u>18</u> Exhibit 78 - Fontaine 1 Assignment, # <u>19</u> Exhibit 79 - Fontaine 1 Letter Agreement, # <u>20</u> Exhibit 80 - Frazier 11 |

| | | |
|---|---|---|
| | | Assignment, # 21 Exhibit 81 - Frazier 12 Assignment, # 22 Exhibit 82 - Circle 11 & 12 Letter Agreement, # 23 Exhibit 83 - Circle J 12 Assignment, # 24 Exhibit 84 - Circle J 12 Assignment, # 25 Exhibit 85 - KN Salyer 2 & 3 Letter Agreement, # 26 Exhibit 86 - KN Salyer 2 Assignment, # 27 Exhibit 87 - KN Salyer 3 Assignment, # 28 Exhibit 88 - Circle J 6 Letter Agreement, # 29 Exhibit 89 - Circle J 6 Assignment, # 30 Exhibit 90 - Isom Stephens 1 Assignment)(TDA) (Entered: 11/25/2008) |
| 11/24/2008 | 4 | NOTICE OF FILING OF ADDITIONAL EXHIBITS 91-109 re 1 Complaint, filed by plas. (Attachments: # 1 Exhibit 91 - Isom Stephens 2 Assignment, # 2 Exhibit 92 - Isom Stephens 3 Assignment, # 3 Exhibit 93 - KN Salyer 4 Assignment, # 4 Exhibit 94 - KN Salyer 5 Assignment, # 5 Exhibit 95 - J. Puckett 1 Assignment, # 6 Exhibit 96 - J. Puckett 1 Assignment, # 7 Exhibit 97 - J. Puckett 1 Assignment, # 8 Exhibit 98 - Martin 1 Assignment, # 9 Exhibit 99 - Martin 1 Assignment, # 10 Exhibit 100 - Martin 1 Assignment, # 11 Exhibit 101 - Martin 5 Assignment, # 12 Exhibit 102 - Martin 5 Assignment, # 13 Exhibit 103 - Martin 5 Assignment, # 14 Exhibit 104 - P&J Note, # 15 Exhibit 105 - Wireman 1 Assignment, # 16 Exhibit 106 - Wireman 2 Assignment, # 17 Exhibit 107 - Wireman 3 Assignment, # 18 Exhibit 108 - Reed 5 Assignment, # 19 Exhibit 109 - Reed 6 Assignment)(TDA) (Entered: 11/25/2008) |
| 11/24/2008 | 6 | Summons Issued as to P & J Resources, Inc. (Agent Jean Williams), Richard Williams, Pamela Williams; issued summons picked up at Lexington Clerk's Office by counsel. (RKT) (Entered: 11/25/2008) |
| 11/25/2008 | | Conflict Check run. (TDA) (Entered: 11/25/2008) |
| 11/25/2008 | 5 | NOTICE OF DEFICIENCY RE: FAILURE TO FILE FRCP 7.1 DISCLOSURES to counsel of record, Hon. Karen Greenwell. 1 Complaint has been filed by plas The R.E. and M.V. Fontaine Family Foundation, Inc.; The Raymond Street Group, LLC; and Cherry Driveway, LLC without the required Rule 7.1 Disclosure statement. Rule 7.1 Disclosures must be filed within ten (10) days. Failure to file the Disclosure Statement will cause the case to be submitted to the presiding judge for further action. cc: COR (TDA) (Entered: 11/25/2008) |
| 12/02/2008 | 7 | FRCP 7.1 DISCLOSURE STATEMENT by Cherry Driveway, LLC. (Greenwell, Karen) (Entered: 12/02/2008) |
| 12/02/2008 | 8 | FRCP 7.1 DISCLOSURE STATEMENT by The R.E. and M.V. Fontaine Family Foundation, Inc.. (Greenwell, Karen) (Entered: |

12/02/2008)

| 12/02/2008 | 9 | FRCP 7.1 DISCLOSURE STATEMENT by The Raymond Street Group, LLC. (Greenwell, Karen) (Entered: 12/02/2008) |
| --- | --- | --- |
| 12/04/2008 | 10 | SUMMONS Returned Executed by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. via Personal Service to Pamela Williams served on 12/2/2008, answer due 12/22/2008. (Greenwell, Karen) (Entered: 12/04/2008) |
| 12/04/2008 | 11 | SUMMONS Returned Executed by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. via Personal Service to Richard Williams served on 12/2/2008, answer due 12/22/2008. (Greenwell, Karen) (Entered: 12/04/2008) |
| 12/04/2008 | 12 | SUMMONS Returned Executed by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. via Personal Service to P & J Resources, Inc. served on 12/2/2008, answer due 12/22/2008. (Greenwell, Karen) (Entered: 12/04/2008) |
| 01/09/2009 | 13 | ANSWER to Complaint by Richard Williams.(Shelton, Billy) (Entered: 01/09/2009) |
| 01/09/2009 | 14 | ANSWER to 1 Complaint,,,,,,,, by Pamela Williams.(Shelton, Billy) (Entered: 01/09/2009) |
| 01/09/2009 | 15 | ANSWER to 1 Complaint,,,,,,,, by P & J Resources, Inc..(Shelton, Billy) (Entered: 01/09/2009) |
| 01/09/2009 | 16 | FRCP 7.1 DISCLOSURE STATEMENT by P & J Resources, |

Inc.. (Shelton, Billy) (Entered: 01/09/2009)

| | | |
|---|---|---|
| 01/12/2009 | <u>17</u> | ORDER FOR MEETING AND REPORT: 1) w/in 30 days from service, parties shall conduct meeting to discuss possibilities for settlement or resolution of case and develop proposed discovery plan. 2) at time of meeting, counsel for parties shall exchange disclosures required by Rule 26(a)(1) and make supplemental disclosures by Rule 26(e). Parties shall address subject matter and meet responsibilities set forth in Rule 26(f)(2). 3) Joint Status Report, with items a-j, due 10 days after meeting. 4) To permit identification of any potential basis for recusal under 28:455, parties must file Disclosure Statement with joint report. Parties have continuing obligation to amend Disclosure Statement to reflect changes. Signed by Judge Amul R. Thapar. (Attachments: # <u>1</u> Attachment A - Disclosure Statement, # <u>2</u> Attachment B - AO 85 Consent Form)(TDA)cc: COR (Entered: 01/12/2009) |
| 02/11/2009 | <u>18</u> | JOINT REPORT of Rule 26(f) Planning Meeting. (Greenwell, Karen) (Entered: 02/11/2009) |
| 02/11/2009 | | ***FILE SUBMITTED TO CHAMBERS of Judge Thapar for review: <u>18</u> Joint Report of Rule 26(f) Planning Meeting. (TDA) (Entered: 02/11/2009) |
| 02/13/2009 | <u>19</u> | SCHEDULING ORDER: <u>DISCOVERY</u> 1. (a) Parties exchange Rule 26(a)(1) by **3/13/09**. (b) Supplementation of discovery responses and disclosures under Rule 26(e) due w/in 30 days before completion of fact discovery, with respect to anticipated expert witness opinions & testimony, not later than 30 days before completion of expert discovery. (c) Rule 26(a)(2) experts and disclosure reports due: i) pla by **9/15/09**; ii) dft by **11/15/09**. iii) parties agree by **12/15/09**, parties shall identify addt'l expert witnesses, exchange addt'l Rule 26(a)(2) expert rpt and info, if evidence intended to contradict or rebut experts disclosed. (d) fact & expert discovery due by **1/15/10**. 2. parties observe directives re filing discovery material unless Court specifically so orders: see items a & b. 3. Discovery disputes be resolved as required by Rule 37(a)(2)(A) and Local Rule 37.1, see items a-c. 4. parties have agreed as follows: (a) Plas file initial discovery requests beginning on **2/27/09**, and parties shall have 30 days to respond. (b) parties entitled to 30 written interrogatories & 30 requests for admissions; however, parties may agree to addt'l requests. (c) Discovery of fact witnesses may commence by **2/13/09**. parties agree they shall conduct & complete all discovery fact witnesses by **8/30/09**. Parties further agree, each limited to 15 fact depos, excluding depos of experts. Each depo limited to 1 day of 7 hours. <u>MOTIONS</u> **Any agreed orders or proposed orders shall** |

**also be emailed to chambers.** 1. (a) parties have to **4/30/09** to file motions to join additional parties or amend pleadings. (b) parties have to **1/20/10** to file all dispositive motions, w/ response & reply per LR 7.1(c). (c) parties have to **1/20/10** to file Daubert motions. 2. Motion practice shall be governed by LR 7.1 except as provided, see items a-h. PRETRIAL 1. Final Pretrial Conference set for **4/19/10 at 2:00 p.m. in Pikeville**. 2. Pretrial Filings, a-d, due by **4/5/10**. 3. No later than **7 days before** to Final Pretrial Conference, counsel shall comply items a-e. 4. No later than **2 days before** Final Pretrial Conference, parties shall file responses to any motions filed pursuant to Paragraph 3, subsections (c)(d)&(e). 5. At Final Pretrial Conference, counsel be prepared to comply with items a-e. 6. **Court Copies** be submitted to chambers electronically: (a) witness list(s); (b) exhibit list(s); (c) proposed jury instructions; (d) proposed *voir dire* questions; and (e) statement(s) of case. Documents be emailed to chambers. TRIAL Jury Trial set for **5/18/10 at 9:00 a.m. at Pikeville. Parties begin at 8:30 a.m.**. The anticipated length of trial is **10 days**. EXTENSIONS OF TIME Requests to modify dates or deadlines shall be submitted upon motion prior to expiration to deadline, upon showing good cause. Motions to continue trial date or dispositive motions are not favored and must be accompanied by a memorandum & affidavit outlining grounds. REFERRAL TO MAGISTRATE JUDGE pursuant to 28:636(b)(1)(A) matter referred to Magistrate Judge for all non-dispositive pretrial matters other than: 1. Motions to Continue Dispositive Motion Deadline; 2. Motions to Continue Trial Date; and 3. *Motions in limine*. Signed by Judge Amul R. Thapar. (TDA)cc: COR (Entered: 02/13/2009)

| | | |
|---|---|---|
| 04/30/2009 | 20 | MOTION for Leave by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. *to file Amended Complaint* Motions referred to Edward B Atkins. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A - Amended Complaint, # 3 Exhibit 110 to Amended Complaint - P&J Resources Letter, # 4 Proposed Order)(Greenwell, Karen) (Entered: 04/30/2009) |
| 05/01/2009 | 21 | ORDER: matter before Court on Plas Motion to Amend Complaint. Court having considered motion, reviewed memoranda and being advised: 1. IT IS ORDERED and motion |

|  |  | 20 is GRANTED. 2. Plas First Amended Complaint tendered as Exhibit A, is deemed filed and served upon parties. Signed by Edward B Atkins. (TDA)cc: COR (Entered: 05/01/2009) |
|---|---|---|
| 05/01/2009 | 22 | AMENDED COMPLAINT against dfts P & J Resources, Inc., Richard Williams, Pamela Williams and CDDL, Inc., filed by plas. **"FILED pursuant to Order 21 ."**(TDA) (Entered: 05/01/2009) |
| 05/01/2009 |  | CLERK'S NOTE: The Clerk notes that an Amended Complaint was filed 22 ; however, no summons were provided to the Clerk for issuance. If you desire summons to be issued, the forms are available on the Court's website, www.kyed.uscourts.gov. A summons may be issued by either presenting the prepared summons to the Clerk for issuance on paper or by electronically filing a Notice of Filing with the prepared summons as an attachment within 3 business days. (TDA) (Entered: 05/01/2009) |
| 05/04/2009 | 23 | SUMMONS and 1 copy Issued as to dft CDDL, Inc.; issued summons returned to counsel via hand delivery in Lexington (MCB) (Entered: 05/04/2009) |
| 05/28/2009 | 24 | MOTION for Leave by Raymond E. Fontaine Trust *to Propound Additional Interrogatories and Requests for Admission* Motions referred to Edward B Atkins. (Attachments: # 1 Exhibit A, # 2 Memorandum in Support of Motion For Leave to Propound Additional Interrogatories and Requests for Admission, # 3 Proposed Order granting Plaintiff's Motion for Leave to Propound Additional Interrogatories and Requests for Admission)(Greenwell, Karen) (Additional attachment(s) added on 5/29/2009: # 4 Exhibit A - Interrogatories, # 5 Exhibit A - Requests for Admissions) (TDA). (Entered: 05/28/2009) |
| 05/29/2009 |  | NOTICE OF DOCKET MODIFICATION TO HON. KAREN GREENWELL re 24 MOTION for Leave; Entry by attorney; Error #1: Exhibit A exceeds the two megabyte (2 MB) size limit; Correction: Clerk separated the PDF image into 2 segments. The Interrogatories as an attachments and the Requests for Admissions as another attachment. Counsel is reminded that large documents may not upload properly into ECF or download within a reasonable amount of time; therefore, when any particular document exceeds 2 MB, the document must be broken down into separate components of 2 MB or less. The proper scanner settings are set forth on Page 5 of the ECF User Manual. Error #2: Attachment was insufficiently described as Exhibit A. Correction: the Clerk separated and renamed the attachment. Attachments must be adequately described. Example: Exhibit A |

|  |  |  |
|---|---|---|
|  |  | (incorrect); Exhibit A Interrogatories; Exhibit B Requests for Admissions (correct.) No further action required by counsel. cc: COR (TDA) (Entered: 05/29/2009) |
| 06/10/2009 | <u>25</u> | SUMMONS Returned Executed by plas via Hand delivery by Constable to CDDL, Inc. served on 6/6/2009, answer due 6/26/2009. (Greenwell, Karen) Modified text on 6/11/2009 (TDA). (Entered: 06/10/2009) |
| 06/11/2009 | <u>26</u> | MOTION for Default Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Memorandum in Support of Motion for Default Judgment, # <u>2</u> Proposed Order for Motion for Default Judgment, # <u>3</u> Exhibit A to Memorandum in Support of Motion for Default Judgment (Affidavit of Counsel))(Greenwell, Karen) (Entered: 06/11/2009) |
| 06/12/2009 | <u>27</u> | INTERIM ANSWER to <u>22</u> Amended Complaint by CDDL, Inc..(Shelton, Billy) (Entered: 06/12/2009) |
| 06/12/2009 | <u>28</u> | FRCP 7.1 DISCLOSURE STATEMENT by CDDL, Inc.. (Shelton, Billy) (Entered: 06/12/2009) |
| 06/12/2009 | <u>29</u> | ANSWER to <u>22</u> Amended Complaint by Pamela Williams.(Shelton, Billy) (Entered: 06/12/2009) |
| 06/12/2009 | <u>30</u> | ANSWER to <u>22</u> Amended Complaint by Richard Williams.(Shelton, Billy) (Entered: 06/12/2009) |
| 06/12/2009 | <u>31</u> | ANSWER to <u>22</u> Amended Complaint by P & J Resources, Inc..(Shelton, Billy) (Entered: 06/12/2009) |
| 06/16/2009 |  | ***MOTION SUBMITTED TO CHAMBERS of Judge Atkins for review: re <u>24</u> MOTION for Leave *to Propound Additional Interrogatories and Requests for Admission* by Raymond E. Fontaine Trust. (TDA) Modified Judge on 6/24/2009 (TDA). (Entered: 06/16/2009) |
| 06/17/2009 | <u>32</u> | ORDER: matter before Court for consideration of Plas Motion for Default Judgment <u>26</u> . Court reviewed the record, it is ORDERED as follows: (1) Telephonic status conference among counsel and undersigned is scheduled for **6/24/2009 at 2:00 p.m.** (2) undersigned's chambers shall initiate the conference call, and |

lead counsel for each party shall be prepared to discuss the pending motion. (3) A court reporter is needed to transcribe the proceedings and shall be provided by the Court. Signed by Judge Amul R. Thapar. (TDA)cc: COR (Entered: 06/17/2009)

| | | |
|---|---|---|
| 06/24/2009 | | NOTICE OF DOCKET MODIFICATION TO ALL COUNSEL OF RECORD re Motion Submitted entered on 6/16/09 regarding <u>24</u> Motion for Leave to Propound Additional Interrogatories and Requests for Admission; Entry by Docket Clerk; Error: Clerk inadvertently submitted the Motion to Judge Thapar instead of Judge Atkins; Correction: Clerk has notified chambers and modified the motion submitted entry to reflect Judge Atkins. No action required by counsel. cc: COR (TDA) (Entered: 06/24/2009) |
| 06/24/2009 | <u>33</u> | MINUTE ENTRY ORDER FOR TELEPHONE CONFERENCE held on 6/24/09; It is ORDERED as follows: 1) For reasons set forth on the record, Plas' motion for default judgment, R. <u>26</u> ,is DENIED. 2) Counsel shall notify the Court by Monday, July 6, 2009, if any deadlines need to be modified in light of the amended complaint. (Court Reporter GEORGENE SCRIVNER) Signed by Judge Amul R. Thapar. (MCB)cc: COR (Entered: 06/24/2009) |
| 06/26/2009 | <u>34</u> | ORDER: matter before Court on Plas, The Raymond E. Fontaine Trust, Dated 12/2/88, as Amended, Motion to Additional Interrogatories and Requests for Admission <u>24</u> . Court having considered motion, reviewed memoranda and being advised: 1. IT IS ORDERED and motion is GRANTED. 2. Amended's First Set of Interrogatories and Amended's First Requests for Admission tendered with its Motion as <u>Exhibit A</u> shall be deemed served on Dfts. Signed by Edward B Atkins. (TDA)cc: COR (Entered: 06/26/2009) |
| 07/02/2009 | <u>35</u> | JOINT MOTION to Amend/Correct <u>19</u> Scheduling Order,,,,,,,,,,,, by CDDL, Inc., Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, P & J Resources, Inc., Richard Williams, Pamela Williams, MPJ Fontaine Trust, U.A. Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Proposed Order)(Greenwell, Karen) (Entered: 07/02/2009) |
| 07/07/2009 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Thapar |

for review: re 35 JOINT MOTION to Amend/Correct 19
Scheduling Order. (TDA) (Entered: 07/07/2009)

| | | |
|---|---|---|
| 07/09/2009 | 36 | ORDER: matter before Court on Parties' Joint Notice of Filing to Amend Scheduling Order 35 . Having considered matter fully, and being advised, IT IS ORDERED: (1) Telephonic conference is scheduled for 7/10/2009 at 3:30 p.m. (2) undersigned's office shall initiate call to following attorneys: for thePla, Karen Greenwell; for Dft, Billy Shelton. Signed by Edward B Atkins. (TDA) cc: COR (Entered: 07/09/2009) |
| 07/10/2009 | 37 | ORDER: matter before Court on Joint Notice of Filing to Amend Scheduling Order 35 . 1. IT IS ORDERED that Court's Scheduling Order entered on 2/13/09 19 , shall be amended as follows: A. "Discovery" Paragraph 1(c) be replaced with: (c) Rule 26(a)(2) Identification of Experts and Disclosure Reports are due: (i) Plas by **11/1/09**; (ii) Dfts by **12/15/09**; (iii) parties agree that by **1/15/10**, parties identify any addtl expert witnesses, and exchange reports and information, if intended to contradict or rebut opinions of other experts. B. "Discovery" Paragraph 1(d) be replaced with: (d) All fact and expert discovery due by **1/30/2010**. C. "Discovery" Paragraph 4(c) be replaced with: (c) discovery of fact witnesses commence by **2/13/09**. Parties conduct & complete all discovery of fact witnesses by **10/15/09**. Parties each limited to 15 fact depos, excluding depos of testifying experts. Each depo limited to 1 day of 7 hours. D. "Motions" Paragraph 1(b) be replaced with: (b) Dispositive motions due by **2/20/2010**, with response & reply per LR 7.1(c). E. "Motions" Paragraph 1(c) be replaced with: (c) Daubert motions due by **2/20/2010**. 2. It is further ORDERED in all other respects the Scheduling Order shall remain in full force and effect. Signed by Edward B Atkins. (TDA) cc: COR (Entered: 07/10/2009) |
| 07/13/2009 | 38 | ORDER: On 7/10/2009, matter came before undersigned for telephonic status conference. Counsel having been heard, and Court being advised, IT IS ORDERED AS FOLLOWS: Telephonic Conference is scheduled for 2/22/2010 at 11:00 AM. The undersigned's office will initiate call, during which counsel be prepared to discuss briefing schedules for dispositive motions. Signed by Edward B Atkins. (TDA) cc: COR (Entered: 07/13/2009) |
| 07/31/2009 | 39 | Proposed Agreed Order/Stipulation *re Extension of Time in Which to Deliver Responses to Discovery* by CDDL, Inc., Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., |

The Nora Carlson Irrevocable Trust, The Raymond Street Group,
LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci
Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary,
Arlene Everett, P & J Resources, Inc., Richard Williams, Pamela
Williams, MPJ Fontaine Trust, U.A.. (Greenwell, Karen)
(Entered: 07/31/2009)

07/31/2009      ***FILE SUBMITTED TO CHAMBERS of Judge Thapar for
review: 39 Proposed Agreed Order re Extension of Time in
Which to Deliver Responses to Discovery - attached for signature
(TDA) (Entered: 07/31/2009)

08/03/2009   40   AGREED ORDER: re 39 By agreement of the parties, the Dfts
are granted an ext of time in which to deliver their responses,
along with all accompanying documents to: (i) Plas' First Request
for Production of Documents; (ii) the Raymond E. Fontaine
Trust, Dated 12/2/88, as Amended's First Set of Interrogatories to
Defendants; and (iii) Raymond E Fontaine Trust Dated 12/2/88,
as Amended's First Requests For Admission to pla's counsel on or
before 8/3/09. Signed by Edward B Atkins on 8/3/09.(MCB)cc:
COR (Entered: 08/03/2009)

09/28/2009   41   JOINT MOTION to Amend/Correct 37 Order, Terminate
Motions, Set Deadlines,,,,,,,,,,,,,,,, by CDDL, Inc., Jean Webster,
Gary Webster, Patricia Fontaine, Mary Fontaine Carlson,
Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner,
The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora
Carlson Irrevocable Trust, The Raymond Street Group, LLC,
Cherry Driveway, LLC, Joan Casartello, Patricia Carucci
Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary,
Arlene Everett, P & J Resources, Inc., Richard Williams, Pamela
Williams, MPJ Fontaine Trust, U.A. Motions referred to Edward
B Atkins. (Attachments: # 1 Proposed Order)(Greenwell, Karen)
(Entered: 09/28/2009)

09/28/2009   42   Proposed Agreed Order/Stipulation *Regarding Well Visits* by
CDDL, Inc., Jean Webster, Gary Webster, Patricia Fontaine,
Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert
Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family
Foundation, Inc., The Nora Carlson Irrevocable Trust, The
Raymond Street Group, LLC, Cherry Driveway, LLC, Joan
Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable
Trust, Rosemary Hillary, Arlene Everett, P & J Resources, Inc.,
Richard Williams, Pamela Williams, MPJ Fontaine Trust, U.A..
(Attachments: # 1 Exhibit A - List of Wells)(Greenwell, Karen)
(Entered: 09/28/2009)

| | | |
|---|---|---|
| 09/29/2009 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Thapar for review: re 41 JOINT MOTION to Amend/Correct 37 Order. (TDA) (Entered: 09/29/2009) |
| 09/29/2009 | | ***FILE SUBMITTED TO CHAMBERS of Judge Thapar for review: 42 Proposed Agreed Order Regarding Well Visits attached for signature. (TDA) (Entered: 09/29/2009) |
| 09/29/2009 | 43 | AGREED ORDER REGARDING WELL VISITS: By agreement of parties, Dft Richard Williams, will personally lead and accompany Plas, their attys, representatives, and inspectors to each and every well or site of well, Plas owns an interest. The well site inspections will commence on 10/5/09 and will continue for consecutive days as long as necessary to visit each and every well site. Signed by Edward B Atkins. (TDA)cc: COR (Entered: 09/29/2009) |
| 09/29/2009 | 44 | ORDER: IT IS ORDERED HEREIN AS FOLLOWS: (1) The Joint Motion to Amend R. 41 is DENIED WITHOUT PREJUDICE; 2) The parties shall determine the feasibility of the deadlines imposed in the Court's July 10, 2009 Order prior to refiling any motion to amend. Signed by Edward B Atkins on 9/29/09.(MCB)cc: COR (Entered: 09/29/2009) |
| 10/26/2009 | 45 | RENEWED JOINT MOTION to Amend/Correct 37 Order, 19 Scheduling Order, by CDDL, Inc., Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, P & J Resources, Inc., Richard Williams, Pamela Williams, MPJ Fontaine Trust, U.A. Motions referred to Edward B Atkins. (Attachments: # 1 Proposed Order)(Greenwell, Karen) Modified text on 10/27/2009 (TDA). (Entered: 10/26/2009) |
| 10/27/2009 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Thapar for review: re 45 RENEWED JOINT MOTION to Amend. (TDA) (Entered: 10/27/2009) |
| 10/29/2009 | 46 | ORDER: matter before Court on Joint Motion to Amend Scheduling Order 45 . Court having considered the filing, and being advised: 1. IT IS ORDERED that Court's Scheduling Order entered on 2/13/09, as amended by Court's Order dated 7/10/09 shall be amended as follows: A. "Discovery," Paragraph 1(c) deleted and be replaced with following: (c) Rule 26(a)(2) Identification of Experts and Disclosure Reports are due: (i) Plas |

by **12/14/09**; (ii) Dfts by **1/15/10**; (iii) parties agree that by **1/26/10**, parties identify addt'l experts, exchange R26(a)(2) reports & info, if intended to rebut opinions disclosed. B. "Discovery," Paragraph 1(d) deleted and be replaced with following: (d) Except Paragraph (4)(c), below, fact & expert discovery be completed by 1/30/10. C. "Discovery," Paragraph 4(c) deleted and be replaced with following: (c) In accordance with R26(d), discovery of fact witnesses may commence on or after **2/13/09**. Parties agree discovery of fact witnesses by **1/30/10**. Unless parties agree, each limited to 15 fact depos, excluding depos of testifying experts. Depo limited to duration to 1 day of 7 hours. 2. It is further ORDERED in all other respects the Scheduling Order shall remain in full force and effect. Signed by Edward B Atkins. (TDA)cc: COR (Entered: 10/29/2009)

| | | |
|---|---|---|
| 01/27/2010 | <u>47</u> | MOTION to Appoint Receiver by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Memorandum in Support, # <u>2</u> Proposed Order, # <u>3</u> Exhibit 1 Affidavit of Robert Carlson, # <u>4</u> Exhibit 2 Gas Well Investment Repayments, # <u>5</u> Exhibit 3 Well List Showing Name Discrepancies, # <u>6</u> Exhibit 4 Gas Well Operating Agreement, # <u>7</u> Exhibit 5 Letter re blanket bond forfeiture, # <u>8</u> Exhibit 6 Miller Report Part 1, # <u>9</u> Exhibit 6 Miller Report Part 2, # <u>10</u> Exhibit 6 Miller Report Part 3, # <u>11</u> Exhibit 6 Miller Report Part 4, # <u>12</u> Exhibit 6 Miller Report Part 5, # <u>13</u> Exhibit 6 Miller Report Part 6, # <u>14</u> Exhibit 6 Miller Report Part 7, # <u>15</u> Exhibit 6 Miller Report Part 8, # <u>16</u> Exhibit 6 Miller Report Part 9, # <u>17</u> Exhibit 6 Miller Report Part 10, # <u>18</u> Exhibit 7 Settlement and Release, # <u>19</u> Exhibit 8 Woodward Report Part 1, # <u>20</u> Exhibit 8 Woodward Report Part 2, # <u>21</u> Exhibit 8 Woodward Report Part 3, # <u>22</u> Exhibit 8 Woodward Report Part 4, # <u>23</u> Exhibit 8 Woodward Report Part 5, # <u>24</u> Exhibit 9 - Chart showing gas purchased, # <u>25</u> Exhibit 10. Well Log and Completion Report)(Greenwell, Karen) (Additional attachment(s) added on 1/28/2010: # <u>27</u> CORRECT Exhibit 6 Miller Report Part 1, # <u>28</u> CORRECT Exhibit 6 Miller Report Part 2, # <u>29</u> CORRECT Exhibit 6 Miller Report Part 3, # <u>30</u> CORRECT Exhibit 6 Miller Report Part 4, # <u>31</u> CORRECT Exhibit 6 Miller Report Part 5, # <u>32</u> CORRECT Exhibit 6 Miller Report Part 6, # <u>33</u> CORRECT Exhibit 6 Miller Report Part 7, # <u>34</u> CORRECT Exhibit 6 Miller Report Part 8, # <u>35</u> CORRECT |

Exhibit 6 Miller Report Part 9, # 36 CORRECT Exhibit 6 Miller
Report Part 10, # 37 CORRECT Exhibit 8 Woodward Report Part
1, # 38 CORRECT Exhibit 8 Woodward Report Part 2, # 39
CORRECT Exhibit 8 Woodward Report Part 3, # 40 CORRECT
Exhibit 8 Woodward Report Part 4, # 41 CORRECT Exhibit 8
Woodward Report Part 5) (TDA). (Entered: 01/27/2010)

| | | |
|---|---|---|
| 01/28/2010 | | NOTICE OF DOCKET MODIFICATION TO HON. KAREN GREENWELL re 47 MOTION to Appoint Receiver; Error: All parts of Exhibits 6 & 8 included pages that were sideways; Entry by attorney; Correction: Clerk rotated the page(s) and entered the document as a separate attachment; At the browse screen within ECF, always open and view each PDF document before proceeding with the filing. cc: COR (TDA) (Entered: 01/28/2010) |
| 02/01/2010 | 48 | DEPOSITION TRANSCRIPT of Richard Williams taken on October 19, 2009 by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A.. (Attachments: # 1 Richard Williams Deposition Volume II, # 2 Richard Williams Deposition Volume III, # 3 Richard Williams Deposition Volume IV)(Greenwell, Karen) (Entered: 02/01/2010) |
| 02/01/2010 | 49 | DEPOSITION TRANSCRIPT of Pamela J. Williams taken on December 10, 2009 by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A.. (Attachments: # 1 Pamela Williams Deposition Volume II)(Greenwell, Karen) (Entered: 02/01/2010) |
| 02/01/2010 | 50 | DEPOSITION TRANSCRIPT of Thomas Jeffrey Jones taken on December 4, 2009 by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, |

U.A.. (Attachments: # 1 Thomas Jeffrey Jones Deposition Volume II)(Greenwell, Karen) (Entered: 02/01/2010)

| 02/02/2010 | 51 | MOTION to Seal by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. *Deposition Exhibits* Motions referred to Edward B Atkins. (Attachments: # 1 Proposed Order)(Greenwell, Karen) (Entered: 02/02/2010) |

| 02/02/2010 | 52 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, (Attachments: # 1 Exhibit Ex.1 Arnett Oil and Gas Lease, # 2 Exhibit Ex. 2 Bailey Oil & Gas Lease1, # 3 Exhibit Ex. 3 P&J Resource - Bailey Lease No Longer Valid, # 4 Exhibit Ex. 4 2-13-04 Bailey Oil & Gas Lease, # 5 Exhibit Ex. 5 Bates Oil & Gas Lease, # 6 Exhibit Ex. 6 Joyce & Joetta Bates Oil & Gas Lease, # 7 Exhibit Ex. 8 Doris Martin Oil & Gas Lease, # 8 Exhibit Ex. 9 Isom & Elsie Stephens Oil & Gas Lease1, # 9 Exhibit Ex. 10 James Puckett Oil & Gas Lease, # 10 Exhibit Ex. 11 Ronald & Barbara Puckett Oil & Gas Lease, # 11 Exhibit Ex. 12 3-17-03 Puckett Oil & Gas Lease, # 12 Exhibit Ex. 13 Assign & Bill of Sale, # 13 Exhibit Ex. 14 Vera Salyer Oil & Gas Lease, # 14 Exhibit Ex. 15 Arnett Estate Oil & Gas Lease, # 15 Exhibit Ex. 16 Minix Oil & Gas Lease, # 16 Exhibit Ex. 17 Harry Puckett Oil & Gas Lease, # 17 Exhibit Ex. 18 R. Reed Oil & Gas Lease, # 18 Exhibit Ex. 19 Ron Reed Oil & Gas Lease, # 19 Exhibit Ex. 20 McFadden Oil & Gas Lease, # 20 Exhibit Ex. 21 Sheen Oil & Gas Lease, # 21 Exhibit Ex. 22 6-1-99 Assignment, # 22 Exhibit Ex. 24 R & D Drilling Assignment, # 23 Exhibit Ex. 25 9-24-02 Ltr to R. Fontaine, # 24 Exhibit Ex. 26 Permit 93641, # 25 Exhibit Ex. 27 Application for Permit, # 26 Exhibit Ex. 28 Affidavit of Well Log, # 27 Exhibit Ex. 29 Job Log, # 28 Exhibit Ex. 30 Inspection Report, # 29 Exhibit Ex. 31 12-21-04 Trial Balance, # 30 Exhibit Ex. 32 2-04 production Rept. Circle J4)(Greenwell, Karen) Modified on 2/3/2010 (TDA). |

(CLERK'S NOTE: Exhibit #24 consists of a large map, and copy
not filed in record.) (Entered: 02/02/2010)

02/02/2010    53    NOTICE OF FILING by Jean Webster, Gary Webster, Patricia
Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust,
Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine
Family Foundation, Inc., The Nora Carlson Irrevocable Trust,
The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan
Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable
Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust,
U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48
Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1
Exhibit Ex. 33 10-02 Circle J4 Prod. Rept, # 2 Exhibit Ex. 34 R.
Fontaine Assignment, # 3 Exhibit Ex. 35 Application for Permit
1152036, # 4 Exhibit Ex. 36 Permit 93348, # 5 Exhibit Ex. 37
Affidavit of Well Log Permitt 93348, # 6 Exhibit Ex. 38 12-31-04
Circle J5 Trial Balance, # 7 Exhibit Ex. 39 1-04 Prod. Report
Circle J5, # 8 Exhibit Ex. 41 11-5-02 Ltr to R. Fontaine, # 9
Exhibit Ex. 42 Application for Permit 1181079, # 10 Exhibit Ex.
44 5-24-05 Delinquent Notice to P&J, # 11 Exhibit Ex. 45 3-1-06
Delinquent Notice to P&J, # 12 Exhibit Ex. 46 11-4-02
Assignment R. Fontaine, # 13 Exhibit Ex. 47 2-04 Prod Report
Circle J1, # 14 Exhibit Ex. 48 Application for Permit 1181072, #
15 Exhibit Ex. 49 Permit 94455, # 16 Exhibit Ex. 50 Affidavit of
Well Log 94455, # 17 Exhibit Ex. 51 Fontaine update ltr for
Circle J 2, # 18 Exhibit Ex. 52 Circle J2 General Ledger Trial
Balance 12-31-04, # 19 Exhibit Ex. 53 Prod. rpts. Circle J2 2004-
2007, # 20 Exhibit Ex. 54 Fontaine Assign CircleJ Farm Wells 2,
# 21 Exhibit Ex. 56 Fontaine Completion ltr agr for F Howard 1
& K Arnett 2, # 22 Exhibit Ex. 57 Fred Howard Well Log and
Comp. Report, # 23 Exhibit Ex. 58 CNG Assignment, # 24
Exhibit Ex. 59 Webster Assign. Fred Howard #1, # 25 Exhibit
Ex. 60 M Carlson Assign. Fred Howard #1, # 26 Exhibit Ex. 61 P
Fontaine Assign. Fred Howard #1, # 27 Exhibit Ex. 62 Prod. rpts.
F Howard 1 2004-2006, # 28 Exhibit Ex. 63 KGS Oil & Gas
Report for F Howard, # 29 Exhibit Ex. 65 JPAC acct. info. F
Howard 1-2004, # 30 Exhibit Ex. 66 Fontaine Ltr Agr re
completion of F Howard 1 & K Arnett 2)(Greenwell, Karen)
(Entered: 02/02/2010)

02/02/2010    54    NOTICE OF FILING by Jean Webster, Gary Webster, Patricia
Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust,
Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine
Family Foundation, Inc., The Nora Carlson Irrevocable Trust,
The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan
Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable

Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust,
U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48
Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1
Exhibit Ex. 67 J Webster Assignment K Arnett 2, # 2 Exhibit Ex.
68 P Fontaine Assignment for Kash Arnett 2, # 3 Exhibit Ex. 69
M Carlson Assign. for Kash Arnett 2, # 4 Exhibit Ex. 70 Well
Log Completion Report for K Arnett 2, # 5 Exhibit Ex. 71 JPAC
2004 acct. info. Cash Arnett, # 6 Exhibit Ex. 72 Production
Reports 2004-2005 Cash Arnett, # 7 Exhibit Ex. 73 Fontaine Ltr
Agr re completion of P&R Trust 1 & 2, # 8 Exhibit Ex. 74 Permit
App. P & R Trust 1, # 9 Exhibit Ex. 75 Well Log Completion
Report P & R Trust 1, # 10 Exhibit Ex. 76 Auth to Drill Cert for
PR Trust 1, # 11 Exhibit Ex. 77 J Webster Assign PR Trust 1, #
12 Exhibit Ex. 78 M Carlson Assignment for P&R Trust 1, # 13
Exhibit Ex. 79 P Fontaine Assign. PR Trust 1, # 14 Exhibit Ex.
80 JPAC Acct. info 2004-2007 P & R Trust 1, # 15 Exhibit Ex.
81 Production Rpts 2004-2006 P & R Trust 1, # 16 Exhibit Ex. 83
J Webster Assignment PR Trust 1, # 17 Exhibit Ex. 84 M Carlson
Assignment P & R Trust 1, # 18 Exhibit Ex. 85 Permit App. P &
R Trust 2, # 19 Exhibit Ex. 86 Auth. to Drill Cert. P&R Trust 2, #
20 Exhibit Ex. 87 Well Log Completion Rpt. P & R Trust 2, # 21
Exhibit Ex. 88 Klempner Assign. P&R Trust 2, # 22 Exhibit Ex.
89 JPAC 2004-2007 acct. info P & R Trust, # 23 Exhibit Ex. 90
Production rpts. 2004-2006 P & R Trust 2, # 24 Exhibit Ex. 92
Fontaine letter re assignments, # 25 Exhibit Ex. 94 Fontaine ltr re
recorded assignments, # 26 Exhibit Ex. 95 Williams-Fontaine
Gas Well Op. Agr, # 27 Exhibit Ex. 96 Williams ltr re purchasing
wells, # 28 Exhibit Ex. 97 Carlson ltr re purchase of wells, # 29
Exhibit Ex. 98 Ltr Agr. re completiong of P & R Trust 3, # 30
Exhibit Ex. 99 P&R Trust 3 Permit App, # 31 Exhibit Ex. 100
Auth. to Drill Cert. P & R Trust 3)(Greenwell, Karen) (Additional
attachment(s) added on 2/5/2010: # 32 Exhibit 93 - Fontaine ltr re
K Arnett 1 & P&R Trust 1 & 2) (TDA). (Entered: 02/02/2010)

| | | |
|---|---|---|
| 02/02/2010 | 55 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 101 Well Log Completion Report P & R Trust 3, # 2 Exhibit Ex. 102 Production Rpts. 2004-2006 P & R Trust 3, # 3 Exhibit Ex. 103 JPAC acct. information for P & R Trust 3 2004- |

2007, # 4 Exhibit Ex. 105 Inspection Report for P & R Trust 3, # 5 Exhibit Ex. 106 R Carlson Assignment P & R Trust 3, # 6 Exhibit Ex. 107 Carlson ltr completion of pipelines, # 7 Exhibit Ex. 108 Williams ltr re several wells, # 8 Exhibit Ex. 109 Fontaine Ltr Agrmt of completion P & R Trust 4, # 9 Exhibit Ex. 110 E Fontaine Assignment P & R Trust 4, # 10 Exhibit Ex. 111 Fontaine ltr re P & R Trust 4, # 11 Exhibit Ex. 112 Production reports for P & R Trust 4 2004-2007, # 12 Exhibit Ex. 113 JPAC acct. info. P & R Trust 4 2004-2007, # 13 Exhibit Ex. 115 Fontaine Ltr Agmt. Minix 1 & 2, # 14 Exhibit Ex. 116 Fontaine Assignment Minix 1, # 15 Exhibit Ex. 117 JPAC act. inform. Minix 1 2004-2007, # 16 Exhibit Ex. 118 R Fontaine Assignment Minix 2, # 17 Exhibit Ex. 119 Permit Application Minix 2, # 18 Exhibit Ex. 120 Auth. to Drill Cert. Minix 2, # 19 Exhibit Ex. 121 Well log completiong report Minix 2, # 20 Exhibit Ex. 122 Production Report Minix 2 2004-2007, # 21 Exhibit Ex. 124 Production Report Minix 1 2004-2007, # 22 Exhibit Ex. 126 Webster letter re F S Martin #2, # 23 Exhibit Ex. 127 Webster ltr agree. re completion F S Martin 2, # 24 Exhibit Ex. 128 Webster Assignment F S Martin 2, # 25 Exhibit Ex. 129 Permit App. F S Martin 2, # 26 Exhibit Ex. 130 Auth. to Drill Cert for F S Martin 2, # 27 Exhibit Ex. 131 Well log completion report F S Martin 2, # 28 Exhibit Ex. 132 Fontaine ltr on water and gas well updates, # 29 Exhibit Ex. 133 Fontaine ltr agree. completion of F S Martin 3, # 30 Exhibit Ex. 134 Klempner Assignment F S Martin 3)(Greenwell, Karen) (Entered: 02/02/2010)

| 02/02/2010 | 69 | (SEALED) CD containing Plas exhibits named in DE # 51 , were received in our office on 2/4/2009. (MAINTAINED as a SEALED DOCUMENT IN THE CLERK'S OFFICE). (TDA) (TDA). (Entered: 02/04/2010) |
| 02/02/2010 | | Attorney Update. Attorney Gregory Brian Floyd Wells for Plaintiffs added. (TDA) (Entered: 03/22/2010) |
| 02/03/2010 | 56 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 135 MPJ Fontaine Trust Assignment F S Martin 3, # 2 Exhibit Ex. 136 Well log completion report P & J Trust 3, # 3 Exhibit Ex. 137 Webster update ltr on F S Martin 2, # 4 Exhibit |

Ex. 138 Fontaine ltr for 4 mile pipeline, # 5 Exhibit Ex. 139 Fontaine ltr update on Minix 1, # 6 Exhibit Ex. 140 Fontaine ltr well updates and business, # 7 Exhibit Ex. 141 Fontaine ltr re 20 well program, # 8 Exhibit Ex. 142 information on 20 well program, # 9 Exhibit Ex. 143 Fontaine Assignment Bailey 1, # 10 Exhibit Ex. 144 Permit App. Bailey 1, # 11 Exhibit Ex. 145 Auth. to Drill Cert. F B Bailey 1, # 12 Exhibit Ex. 146 JPAC acct. info. Bailey 1 2004-2007, # 13 Exhibit Ex. 147 Production reports Bailey 1 2004-2007, # 14 Exhibit Ex. 149 Fontaine Assignment Minix 3, # 15 Exhibit Ex. 151 Production Statements, Minix #3 (2004, 2-05, 3-05, 4-07), # 16 Exhibit Ex. 152 Assignment (Prater #3) 11-20-03, # 17 Exhibit Ex. 153 Permit Application (Prater #3) 8-4-03, # 18 Exhibit Ex. 154 Permit (Prater #3) 8-4-03, # 19 Exhibit Ex. 142a Fontaine ltr agr. 20 well package, # 20 Exhibit Ex. 142b list of names of wells in 20 well program, # 21 Exhibit Ex. 155 Well Log Affidavit (Prater) 11-10-03, # 22 Exhibit Ex. 156 Assignment (Prater #2) 11-17-03, # 23 Exhibit Ex. 157 Permit Application (Prater #2) 7-12-03, # 24 Exhibit Ex. 158 Permit (Prater #2) 7-17-03, # 25 Exhibit Ex. 159 Well Log Affidavit (Prater #3), # 26 Exhibit Ex. 160 Assignment (Bates #1) 11-24-03, # 27 Exhibit Ex. 161 Permit Application (Bates #1) 9-23-03, # 28 Exhibit Ex. 162 Permit 9-26-03 (Bates #1), # 29 Exhibit Ex. 163 Well Log, Bates #1, 11-10-03, # 30 Exhibit Ex. 164 Production reports, 2004, 2-05, 3-05, 4-07 Bates #1, # 31 Exhibit Ex. 165 Ledger entries, 2004, 2006, 2007, Bates #1, # 32 Exhibit Ex. 167 Assignment, Arnett #7, 12-31-03)(Greenwell, Karen) (Entered: 02/03/2010)

| | | |
|---|---|---|
| 02/03/2010 | 57 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 168 Permit application Arnett #7 5-19-04, # 2 Exhibit Ex. 169 Permit, Arnett #7, 5-20-04, # 3 Exhibit Ex. 170 Well Log Arnett #7 11-15-04, # 4 Exhibit Ex. 171 Assignment, Arnett #8, 12-31-03, # 5 Exhibit Ex. 172 Production reports, Arnett #8, 2004, 2-05, 3-05, 4-07, # 6 Exhibit Ex. 173 Arnett #7 and #8 Bank statements, # 7 Exhibit Ex. 174 Arnett #7 and #8 ledger entries, # 8 Exhibit Ex. 175 Assignment, May #11, 12-31-03, # 9 Exhibit Ex. 176 Assignment, May#11, 12-31-03, # 10 Exhibit Ex. 177 Assignment, May #11, 12-31-03, # 11 Exhibit Ex. 178 |

Permit application, May #11, 1-5-04, # 12 Exhibit Ex. 179 Permit, May #11, 1-8-04, # 13 Exhibit Ex. 180 Well log, May #11, 1-8-04, # 14 Exhibit Ex. 181 Assignment, May #10, 12-31-03, # 15 Exhibit Ex. 182 Assignment, May #10, 12-31-03, # 16 Exhibit Ex. 183 Assignment, May #10, 12-31-03, # 17 Exhibit Ex. 184 Superior Well Services, May #11, 5-19-04, # 18 Exhibit Ex. 185 Assignment, May #12, 12-31-03, # 19 Exhibit Ex. 186 Assignment, May #12, 12-31-03, # 20 Exhibit Ex. 187 Assignment, May #12, 12-31-03, # 21 Exhibit Ex. 188 Permit application, May #12, 11-18-03, # 22 Exhibit Ex. 189 Permit, May #12, 11-21-03, # 23 Exhibit Ex. 190 Well log, May #12, 5-19-04, # 24 Exhibit Ex. 191 Superior Well Services, May #12, 5-19-04, # 25 Exhibit Ex. 192 Ledger entries, May #10, #11, #12, # 26 Exhibit Ex. 194 Production reports, May#10,#11, #12, # 27 Exhibit Ex. 195 Assignment, Reed #1, 3-17-04, # 28 Exhibit Ex. 196 Permit application, Reed #1, 1-26-04, # 29 Exhibit Ex. 197 Permit, Reed #1, 1-30-04, # 30 Exhibit Ex. 198 Well log, Reed #1, 12-29-04)(Greenwell, Karen) (Entered: 02/03/2010)

02/03/2010    58    NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 199 Production reports, 2004, 2-05, 3-05, 4-07 Reed #1, #2, #3, #4, # 2 Exhibit Ex. 200 Ledger entries 2004 for Reed #1,2,3,4 and 2005 and 2006 Magoffin #1, # 3 Exhibit Ex. 202 Assignment, Reed #2, 3-17-04, # 4 Exhibit Ex. 203 Permit application, Reed #2, 2-11-04, # 5 Exhibit Ex. 204 Permit, Reed #2, 2-13-04, # 6 Exhibit Ex. 205 Well log, Reed #2, 5-19-04, # 7 Exhibit Ex. 206 Letter from P&J to Dept of Mines & Minerals re Reed#2, 4-11-05, # 8 Exhibit Ex. 207 Superior Well Services, Reed #2, 5-19-04, # 9 Exhibit Ex. 208 Assignment, Reed #3, 3-17-04, # 10 Exhibit Ex. 209 Permit application, Reed #3, 2-17-04, # 11 Exhibit Ex. 210 Permit, Reed #3, 3-5-04, # 12 Exhibit Ex. 211 Well log, Reed #3, 12-29-04, # 13 Exhibit Ex. 212 Letter from EPPC to O&G Energy transferring listed wells, 3-30-07, # 14 Exhibit Ex. 213 Well transfer, Reed #3, 3-23-07, # 15 Exhibit Ex. 214 Assignment, Reed #4, 3-17-04, # 16 Exhibit Ex. 215 Permit application, Reed #4, 3-1-04, # 17 Exhibit Ex. 216 Permit, Reed #4, 3-5-04, # 18 Exhibit Ex. 217 Well log, Reed #4, 5-19-04, # 19 Exhibit Ex. 218 Assignment, Rowe #1, 3-17-04, # 20

Exhibit Ex. 219 Well log and completion report, 1948, Rowe #1, # 21 Errata Ex. 221 Production statements, Rowe #1, 6-04 thru 7-07, # 22 Exhibit Ex. 222 Ledger entries, Rowe #1, 2004, 12-05, 12-06, 12-07, # 23 Exhibit Ex. 223 Assignment, Bailey #2, 3-17-04, # 24 Exhibit Ex. 224 Permit application, Bailey #2, 10-24-03, # 25 Exhibit Ex. 225 Permit, Bailey #2, 10-30-03, # 26 Exhibit Ex. 226 Well log, Bailey #2, 11-15-04, # 27 Exhibit Ex. 227 Assignment, Circle J #3, 3-17-04, # 28 Exhibit Ex. 228 Permit application, Circle J #3, 5-31-02, # 29 Exhibit Ex. 229 Permit, Circle J #3, 6-5-02, # 30 Exhibit Ex. 230 Well log, Circle J. #3, 12-30-02)(Greenwell, Karen) (Entered: 02/03/2010)

| 02/03/2010 | 59 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 231 Ledger entries, Bailey #2, 12-04, 12-05, 12-06, 12-07, # 2 Exhibit Ex. 232 Production statements, Bailey #2, 2004, 2-05, 3-05, 4-07, # 3 Exhibit Ex. 239 Production statements, Circle J #3, 2004, 2-05, 3-05, 4-07, # 4 Exhibit Ex. 241 Ledger entries, Circle J #3, 12-04, 12-06, 12-07, # 5 Exhibit Ex. 242 Assignment, Dunn #2, 3-17-04, # 6 Exhibit Ex. 243 Well log and completion report, Morris Hoskins 218, 11-17-82, # 7 Exhibit Ex. 244 Assignment, Dunn #3, 3-17-04, # 8 Exhibit Ex. 245 Well log and completion report, Morris Hoskins 221, 11-7-82, # 9 Exhibit Ex. 246 Production report P&R #5, 2004, 2-05, 3-05, 4-07, # 10 Exhibit Ex. 248 Ledger entries, P&R Trust #5 statements 2004, 2005, 2007, # 11 Exhibit Ex. 249 Letter to R. Carlson from P&J re Martin #4, 7-30-03, # 12 Exhibit Ex. 250 Assignment Martin #4 7-30-03, # 13 Exhibit Ex. 251 Production Reports for FS Martin #4, # 14 Exhibit Ex. 252 General Ledger for FS Martin #4, # 15 Exhibit EX. 254 9-3-03 letter from P&J Re FS Martin #4, # 16 Exhibit EX. 255 7-28-03 Letter from P&J Re Prater 1, # 17 Exhibit EX. 256 Fontaine Assignment Re Clay Prater 1, # 18 Exhibit EX. 257 5-23-03 Permit Application for 94887, # 19 Exhibit EX. 258 Permit No 94887, # 20 Exhibit EX. 259 Affidavit of Well Log and Completion Report Re Permit No 94887, # 21 Exhibit EX. 260 Production Reports for Clay Prater 1, # 22 Exhibit EX. 262 12-9-03 Letter from P&J Re Puckett 1, # 23 Exhibit EX. 263 Carlson Assignment Re Puckett 1, # 24 Exhibit EX. 264 Cherry Driveway Assignment dated 1-26-04, # |

<u>25</u> Exhibit EX. 265 Permit Application for 95206, # <u>26</u> Exhibit
EX. 266 Drilling Permit 95206, # <u>27</u> Exhibit EX. 267 Affidavit of
Well Log and Completion Rpt for 95206, # <u>28</u> Exhibit EX. 268
Permit Application for 95205, # <u>29</u> Exhibit EX. 269 Permit
95205, # <u>30</u> Exhibit EX. 270 Affidavit of well Log and
Completion Rpt for 95205)(Greenwell, Karen) (Entered:
02/03/2010)

02/03/2010     <u>60</u>     NOTICE OF FILING by Jean Webster, Gary Webster, Patricia
Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust,
Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine
Family Foundation, Inc., The Nora Carlson Irrevocable Trust,
The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan
Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable
Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust,
U.A. re <u>50</u> Deposition Transcript,, <u>49</u> Deposition Transcript,, <u>48</u>
Deposition Transcript,, *Deposition Exhibits* (Attachments: # <u>1</u>
Exhibit Ex. 401 Fontaine Well List, # <u>2</u> Ex. 402 Fontaine Well
List, # <u>3</u> Ex. 403 Gas Price Change, # <u>4</u> Ex. 404 Fontaine Well
List, # <u>5</u> Ex. 405 Fontaine Well List, # <u>6</u> Ex. 406 Fontaine Well
List, # <u>7</u> Ex. 407 Fontaine Well LIst, # <u>8</u> Ex. 408 Fontaine Well
List, # <u>9</u> Ex. 409 Gas Price Change, # <u>10</u> Ex. 410 Fontaine
Distribution Ledger, # <u>11</u> Ex. 411 Production Reports Part 1, # <u>12</u>
Ex. 411 Production Records Part 1, # <u>13</u> Ex. 411 Production
Records Part 3, # <u>14</u> Ex. 411 Production Records Part 4, # <u>15</u> Ex.
411 Production Records Part 5, # <u>16</u> Ex. 411 Production Records
Part 6, # <u>17</u> Ex. 414 P&J General Ledger, # <u>18</u> Ex. 416 P&J
Income Statement, # <u>19</u> Ex. 417 P&J Income Statement, # <u>20</u> Ex.
418 P&J Income Statement, # <u>21</u> Ex. 419 P&J Disbursements, #
<u>22</u> Ex. 420 P&J Chart of Accounts, # <u>23</u> Ex. 422 P&J Balance
Sheet, # <u>24</u> Ex. 423 P&J General Ledger, # <u>25</u> Ex. 430 P&J
General Ledger, # <u>26</u> Ex. 431 P&J Balance Sheet, # <u>27</u> Ex. 432
P&J Income Statement, # <u>28</u> Ex. 433 P&J Balance Sheet, # <u>29</u>
Ex. 434 P&J Production Account, # <u>30</u> Ex. 436 BTU Annual
Report, # <u>31</u> Ex. 437 BTU Annual Report, # <u>32</u> Ex. 438 BTU
Annual Report, # <u>33</u> Ex. 439 BTU Annual Report, # <u>34</u> Ex. 440
BTU Annual Report)(Wells, Gregory) (Entered: 02/03/2010)

02/03/2010     <u>61</u>     NOTICE OF FILING by Jean Webster, Gary Webster, Patricia
Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust,
Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine
Family Foundation, Inc., The Nora Carlson Irrevocable Trust,
The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan
Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable
Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust,
U.A. re <u>50</u> Deposition Transcript,, <u>49</u> Deposition Transcript,, <u>48</u>

Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit EX. 271 Harry Puckett 1 General Ledger, # 2 Exhibit EX. 273 Production Report for Harry Puckett 1, # 3 Exhibit EX. 274 Carlson Assignment Re J. Puckett 1, # 4 Exhibit EX. 275 Fontaine Assignment Re J. Puckett 1, # 5 Exhibit EX. 276 Jean Webster Assignment, # 6 Exhibit EX. 277 Permit Application for 95589, # 7 Exhibit EX. 278 Permit No. 95589, # 8 Exhibit EX. 279 Production Report for J. Puckett 1, # 9 Exhibit EX. 280a 1-26-04 Letter from P&J Re J. Puckett 1, # 10 Exhibit EX. 281 Fontaine Assignment Re Martin 1, # 11 Exhibit EX. 282 Carlson Assignment Re Martin 1, # 12 Exhibit EX. 283 Webster Assignment Re Martin 1, # 13 Exhibit EX. 284 Affidavit of Well Log Re Permit 95034, # 14 Exhibit EX. 285 Carlson Assignment Re Martin 5, # 15 Exhibit EX. 286 Webster Assignment Re Martin 5, # 16 Exhibit EX. 287 Fontaine Assignment Re Martin 5, # 17 Exhibit EX. 288 Production Reports Re Martin 1, # 18 Exhibit EX. 289 General Ledger Re Martin 1, # 19 Exhibit EX. 292 4-26-04 Letter from P&J Re Circle J #6, # 20 Exhibit EX. 293 Permit Application for 96047, # 21 Exhibit EX. 294 Permit No. 96047, # 22 Exhibit EX. 295 Affidavit of Well Log Re Permit 96047, # 23 Exhibit EX. 296 Gamma Ray Neutron Density Dual Induction for Circle J #6, # 24 Exhibit EX. 297 Piaker Assignment Re Circle J #6, # 25 Exhibit EX. 298 12-12-06 Ltr from State Re Violation Re Circle J #6, # 26 Exhibit EX. 299 Production Reports Re Circle J #6, # 27 Exhibit EX. 301 General Ledger for Circle J #6, # 28 Exhibit EX. 301a P&J Ltr to Fontaine dated 3-15-04, # 29 Exhibit EX. 301b Fontaine Note to P&J dated 3-19-04)(Greenwell, Karen) (Entered: 02/03/2010)

| | | |
|---|---|---|
| 02/03/2010 | 62 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit EX. 302 P&J Ltr to Fontaine Re JW Howard #3 dated 5-5-04.PDF, # 2 Exhibit EX. 303 Affidavit of Well Log for Permit 95278, # 3 Exhibit EX. 304 Fontaine Assignment for JW Howard #4, # 4 Exhibit EX. 305 Production Reports for JW Howard, # 5 Exhibit EX. 306 General Ledger for JW Howard, # 6 Exhibit EX. 308 P&J Ltr to Everett Re Arnett #10 dated 5-17-04, # 7 Exhibit EX. 309 Everett Assignment Re Arnett #10.PDF, # 8 Exhibit EX. 310 General Ledger Re Arnett #10, # 9 Exhibit EX. 311 |

Production Reports Re Arnett #10, # 10 Exhibit EX. 313 6-3-04 Ltr from P&J to Klempner Re Circle J 7_001, # 11 Exhibit EX. 314 Klempner Assignment Re Circle J 7, # 12 Exhibit EX. 315 Permit Application for 96098, # 13 Exhibit EX. 316 Permit 96098, # 14 Exhibit EX. 317 Affidavit of Well Log for 96098, # 15 Exhibit EX. 318 Gamma Ray Neutron Density Dual Induction for Circle J 7, # 16 Exhibit EX. 319 4-20-07 Stephens Letter, # 17 Exhibit EX. 320 General Ledger for Circle J 7, # 18 Exhibit EX. 321 Production Reports for Circle J 7, # 19 Exhibit EX. 322a 4-20-07 Ltr from P&J to Fontaine, # 20 Exhibit EX. 322b 8-11-04 Ltr from P&J to Fontaine, # 21 Exhibit EX. 323 11-15-04 Ltr from P&J to Carlson, # 22 Exhibit EX. 324 11-17-04 Ltr from P&J to Fontaine, # 23 Exhibit EX. 325 Fontaine Assignment Re P&J Williams #1, # 24 Exhibit EX. 326 Carlson Assignment Re P&J Well #1, # 25 Exhibit EX. 327 Permit Application for 96872, # 26 Exhibit EX. 328 Permit No 96872, # 27 Exhibit EX. 329 Affidavit of Completion Well Log for 96872, # 28 Errata EX. 330 11-22-04 ltr from P&J to State, # 29 Exhibit EX. 331 4-20-07 Ltr from Stephens, # 30 Exhibit EX. 332 Gamma Ray Neutron Density Dual Induction Re Permit 96872, # 31 Exhibit EX. 333 Well Transfer, # 32 Exhibit EX. 334 1-3-05 Ltr from P&J to Casantello, # 33 Exhibit EX. 335 Cassantello Assignment Re Circle J #11, # 34 Exhibit EX. 336 Casantello Assignment Re Circle J #12)(Greenwell, Karen) (Entered: 02/03/2010)

| 02/03/2010 | 63 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 48 Deposition Transcript,, 49 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit EX. 337 Production Reports for Circle J #11, # 2 Exhibit EX. 338 General Ledger for Circle J #11 and 12, # 3 Exhibit EX. 340 1-18-05 Ltr from P&J to Schwartz, # 4 Exhibit EX. 341 Permit Application for 96903, # 5 Exhibit EX. 342 Permit 96903, # 6 Exhibit EX. 343 1-12-05 Ltr from Schwartz to P&J, # 7 Exhibit EX. 344 1-26-05 Ltr from Schwartz to P&J, # 8 Exhibit EX. 345 Schwartz Assignment Re KN Salyer #2, # 9 Exhibit EX. 346 Permit Application for 96904, # 10 Exhibit EX. 346 Schwartz Assignment Re KN Salyer #3, # 11 Exhibit EX. 347 Permit 96904.PDF, # 12 Exhibit EX. 348 General Ledger for KN Salyer #2 and 3, # 13 Exhibit EX. 349 Production Reports for KN Salyer #2, # 14 Exhibit EX. 350a 3-10-05 Ltr from P&J to |

Fontaine, # 15 Exhibit Ex. 351 P&R Trust 8 and 9 Agreement, # 16 Exhibit Ex. 352 P&R Trust 8 Assignment, # 17 Exhibit Ex. 354 P&R Trust 9 Assignment, # 18 Exhibit Ex. 355 P&R Trust 8 & 9 Ledger, # 19 Exhibit Ex. 356 P&R Trust 8 & 9 Production, # 20 Exhibit Ex. 358 Fontaine 1 Deep Well Agreement, # 21 Exhibit Ex. 359 Fontaine 1 Well Assignment, # 22 Exhibit Ex. 360 Fontaine 1 Well Assignment, # 23 Exhibit Ex. 361 Salyer 2 Plat, # 24 Exhibit Ex. 362 Fontaine 1 Gamma Test, # 25 Exhibit Ex. 363 Salyer 5 Assignment, # 26 Exhibit Ex. 364 Lawson Johnson Permit Application, # 27 Exhibit Ex. 365 Lawson Johnson Well Permit, # 28 Exhibit Ex. 366 Lawson Johnson Gamma Test, # 29 Exhibit Ex. 367 Lawson Johnson Permit Transfer, # 30 Exhibit Ex. 368 Frazier 11 Assignment, # 31 Exhibit Ex. 368a Letter Re Flooding.pdf, # 32 Exhibit Ex. 368b Fontaine Williams Operating Agmt, # 33 Exhibit Ex. 368c Attachment to Operating Agreement, # 34 Exhibit Ex. 368d Compressor Site Map, # 35 Exhibit Ex. 368e Shut In Letter, # 36 Exhibit Ex. 369 Frazier 12 Assignment)(Greenwell, Karen) (Entered: 02/03/2010)

02/03/2010    64    NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 370 Stephens 1 Permit Application, # 2 Exhibit Ex. 371 Stephens 1 Permit, # 3 Exhibit Ex. 372 Stephens 1 Assignment, # 4 Exhibit Ex. 373 Stephens 2 Assignment, # 5 Exhibit Ex. 374 Stephens 2 Permit Application, # 6 Exhibit Ex. 375 Stephens 2 Permit, # 7 Exhibit Ex. 376 Stephens 2 Permit Application, # 8 Exhibit Ex. 377 Stephens 3 Assignment, # 9 Exhibit Ex. 378 Stephens 3 Permit Application, # 10 Exhibit Ex. 379 Stephens 3 Permit, # 11 Exhibit Ex. 380 Stephens 3 Completion Report, # 12 Exhibit Ex. 381 Salyer 4 Assignment.pdf, # 13 Exhibit Ex. 382 Barnett 2 Plat Completion Report, # 14 Exhibit Ex. 384 Production Records Part 1, # 15 Exhibit Ex. 384 Production Records Part 2, # 16 Exhibit Ex. 385 2004 MCF Recap, # 17 Exhibit Ex. 386 2005 MCF Recap, # 18 Exhibit Ex. 387 2005 Production Payments, # 19 Exhibit Ex. 388 Shut In Letter, # 20 Exhibit Ex. 389 Shut In Letter, # 21 Exhibit Ex. 390 2006 Production Payments, # 22 Exhibit Ex. 391 2007 Production Payments, # 23 Exhibit Ex. 392 Funds Transfer

Schedule, # 24 Exhibit Ex. 393 Partnership Recap, # 25 Exhibit
Ex. 394 Funds Transfer Schedule, # 26 Exhibit Ex. 395
Partnership Recap, # 27 Exhibit Ex. 396 Distribution Schedule, #
28 Exhibit Ex. 397 Distribution Schedule, # 29 Exhibit Ex. 398
Distribution Schedule, # 30 Exhibit Ex. 399 Distribution
Schedule, # 31 Exhibit Ex. 400 Distribution
Schedule)(Greenwell, Karen) (Entered: 02/03/2010)

| 02/03/2010 | 65 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 48 Deposition Transcript,, 49 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 442 Jefferson Gas Contracts, # 2 Exhibit Ex. 443 Jefferson Gas Contracts, # 3 Exhibit Ex. 444 Jefferson Gas Invoices, # 4 Exhibit Ex. 445 Jefferson Gas Purchases, # 5 Exhibit Ex. 446 Jefferson Gas Checks Part 1, # 6 Exhibit Ex. 446 Jefferson Gas Checks Part 2, # 7 Exhibit Ex. 446 Jefferson Gas Checks Part 3, # 8 Exhibit Ex. 446 Jefferson Gas Checks Part 4, # 9 Exhibit Ex. 447 Gas Volume Statements Part 1, # 10 Exhibit Ex. 447 Gas Volume Statements Part 2, # 11 Exhibit Ex. 447 Gas Volume Statements Part 3, # 12 Exhibit Ex. 447 Gas Volume Statements Part 4, # 13 Exhibit Ex. 463 Circle J Oil and Gas Lease, # 14 Exhibit Ex. 464 PR Trust Oil and Gas Lease, # 15 Exhibit Ex. 465 Dalton et al Oil and Gas Lease, # 16 Exhibit Ex. 466 Howard Oil and Gas Lease, # 17 Exhibit Ex. 467 Minix Oil and Gas Lease, # 18 Exhibit Ex. 468 Minix Oil and Gas Lease, # 19 Exhibit Ex. 469 RR Energy Assignment, # 20 Exhibit Ex. 470 Barnett Assignment, # 21 Exhibit Ex. 471 Barnett Assignment, # 22 Exhibit Ex. 472 Barnett Assignment, # 23 Exhibit Ex. 473 Barnett Assignment, # 24 Exhibit Ex. 474 Barnett Assignment, # 25 Exhibit Ex. 475 Barnett Assignment, # 26 Exhibit Ex. 476 Reed Assignment, # 27 Exhibit Ex. 477 Reed Assignment, # 28 Exhibit Ex. 478 Barnett Assignment, # 29 Exhibit Ex. 479 Reed Assignment, # 30 Exhibit Ex. 480 Reed Assignment, # 31 Exhibit Ex. 481 Reed Assignment, # 32 Exhibit Ex. 482 RR Energy Assignment, # 33 Exhibit Ex. 483 RR Energy Assignment, # 34 Exhibit Ex. 484 Creek Capital Assignment, # 35 Exhibit Ex. 485 RR Energy Assignment, # 36 Exhibit Ex. 486 RR Energy Assignment)(Greenwell, Karen) (Entered: 02/03/2010) |
| 02/03/2010 | 66 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia |

Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 Exhibit Ex. 487 RR Energy Assignment.pdf, # 2 Exhibit Ex. 488 RR Energy Assignment, # 3 Exhibit Ex. 489 Reed Assignment, # 4 Exhibit Ex. 490 Reed Assignment, # 5 Exhibit Ex. 491 PJ Resources Assignment, # 6 Exhibit Ex. 492 Minix Lease Notice of Forfeiture, # 7 Exhibit Ex. 493 Fred Howard Assignment, # 8 Exhibit Ex. 494 Karach Assignment, # 9 Exhibit Ex. 495 Carter Assignment, # 10 Exhibit Ex. 496 Carter Assignment, # 11 Exhibit Ex. 497 Arnett Well No 2 Working and Operating Interest Agreement, # 12 Exhibit Ex. 498 Wilon Resources Assignment, # 13 Exhibit Ex. 507 Well Location Circle J7, # 14 Exhibit Ex. 508 1-14-04 Assignment R. Fontaine, # 15 Exhibit Ex. 509 Wireman #1 Prod. Report 7-04, # 16 Exhibit Ex. 510 1st Comm Bank Stmt Wireman 1,2,3 10-20 to 10-31-04 Part 1, # 17 Exhibit Ex. 510 1st Comm Bank Stmt Wireman 1,2,3 10-20 to 10-31-04 Part 2, # 18 Exhibit Ex. 511 Assignment 6-14-04 R. Fontaine, # 19 Exhibit Ex. 512 Reed #5 Production Report 7-04, # 20 Exhibit Ex. 514 Barnett Mineral Deed, # 21 Exhibit Ex. 515 Ltr Re Transfer & Bond Morgan Rowe Well #1, # 22 Exhibit Ex. 516 Morgan Rowe Well Transfer, # 23 Exhibit Ex. 517 Ltr re Gathering Line Map, # 24 Exhibit Ex. 518 App for Gathering Line Permit 1304537, # 25 Exhibit Ex. 519 App for Gathering Line Permit 1304541, # 26 Exhibit Ex. 520 App for Gathering line Permit 1304534, # 27 Exhibit Ex. 521 App for Gathering Line Permit 1304548, # 28 Exhibit Ex. 522 Ltr to P&J Forfeiture of Blanket Cash Bond, # 29 Exhibit Ex. 523 Ltr to Williams Violation of Statutes, # 30 Exhibit Ex. 524 E-mail re Pending Transfer of Wells to O&G, # 31 Exhibit Ex. 525 Compromise Settlement & Release)(Greenwell, Karen) (Entered: 02/03/2010)

| | | |
|---|---|---|
| 02/03/2010 | 67 | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re 50 Deposition Transcript,, 49 Deposition Transcript,, 48 Deposition Transcript,, *Deposition Exhibits* (Attachments: # 1 |

Exhibit Ex. 526 Assignment of Working Interest, # <u>2</u> Exhibit Ex. 527 Assignment of Leases, # <u>3</u> Exhibit Ex. 528 Assignment 1-16-06, # <u>4</u> Exhibit Ex. 529 Agreement 2-11-04, # <u>5</u> Exhibit Ex. 530 Eastern KY system Eval. 3-11-09, # <u>6</u> Exhibit Ex. 531 Well Listing, # <u>7</u> Exhibit Ex. 532 Well Location Plat Circle J, # <u>8</u> Exhibit Ex. 533 Ltr to Fontaine re F.S. Martin #3, # <u>9</u> Exhibit Ex. 534 Ltr to Carlson re F.S. Martin #4, # <u>10</u> Exhibit Ex. 535 Ltr to Fontaine re Recorded Assignments, # <u>11</u> Exhibit Ex. 536 Ltr to Fontaine re 3 Well Drilling Program II, # <u>12</u> Exhibit Ex. 537 6-14-04 Promissory Note, # <u>13</u> Exhibit Ex. 538 Ltr to Fontaine re 5 Wells to Secure Loan, # <u>14</u> Exhibit Ex. 539 Ltr to Fontain re Loan Ky Housing Authority, # <u>15</u> Exhibit Ex. 540 Ltr to Schwartz re KN Salyer #2 & #3, # <u>16</u> Exhibit Ex. 541 Ltr to Webster re Production & Revenues, # <u>17</u> Exhibit Ex. 542 Ltr to Fontaine re Equitrans Contract Agreement, # <u>18</u> Exhibit Ex. 543 Ltr to Fontaine Enclosing 2 Agreements, # <u>19</u> Exhibit Ex. 544 Note to Richard Enclosing Ck for $400,000, # <u>20</u> Exhibit Ex. 545 Gas Sales to Jefferson Gas, # <u>21</u> Exhibit Ex. 546 FS Martin #2 Production 1-04)(Greenwell, Karen) (Entered: 02/03/2010)

| | | |
|---|---|---|
| 02/03/2010 | | CLERK'S NOTE: re <u>52</u> Notice of Filing. Counsel's office advised that Exhibit #24 consists of a large map, and they're not in possession of a copy to be filed into the record. (TDA) (Entered: 02/03/2010) |
| 02/03/2010 | | NOTICE OF DEFICIENCY TO HON. KAREN GREENWELL re <u>54</u> Notice of Filing; Entry by Attorney; Exhibit #93 was not filed as an attachment to the Notice of Filing; <u>within 7 calendar days,</u> attorney shall prepare a pleading entitled "Notice of Filing" (with a certificate of service,) file the Notice using the event "Notice of Filing," attach the omitted exhibit, and create a link to the related docket entry; Attorney may contact the ECF help desk if assistance is needed with filing. cc: COR (TDA) (Entered: 02/03/2010) |
| 02/04/2010 | <u>68</u> | NOTICE OF FILING by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. re <u>50</u> Deposition Transcript,, <u>49</u> Deposition Transcript,, <u>48</u> Deposition Transcript,, *Deposition Exhibits* (Attachments: # <u>1</u> Exhibit Ex. 92 Fontaine letter re assignments.pdf, # <u>2</u> Exhibit Ex. 93 Fontaine ltr re K Arnett 1 & P&R Trust 1 & 2)(Greenwell, Karen) (Entered: 02/04/2010) |

| | | |
|---|---|---|
| 02/04/2010 | <u>70</u> | MOTION to Seal Document by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Proposed Order Proposed Order to Seal Document)(Greenwell, Karen) (Entered: 02/04/2010) |
| 02/05/2010 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Atkins for review: re <u>51</u> MOTION to Seal Deposition Exhibits. (TDA) (Entered: 02/05/2010) |
| 02/05/2010 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Atkins for review: re <u>70</u> MOTION to Seal Exhibit #173 attached at DE # <u>57</u> . (TDA) (Entered: 02/05/2010) |
| 02/05/2010 | <u>71</u> | MOTION for Extension of Time by P & J Resources, Inc. Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Proposed Order)(Shelton, Billy) (Entered: 02/05/2010) |
| 02/08/2010 | <u>72</u> | ORDER: (1) Dfts motion for extension of time <u>71</u> , is **GRANTED**. Dfts response to the motion to appoint a receiver <u>47</u> shall be filed by **2/19/10.** (2) Plas motions to seal <u>51</u> and <u>70</u> , are **GRANTED**. Signed by Judge Amul R. Thapar. (TDA)cc: COR (Entered: 02/08/2010) |
| 02/08/2010 | | (SEALED) CD received on behalf of Plaintiffs containing Exhibit #173, named in DE # <u>70</u> (MAINTAINED as a SEALED DOCUMENT IN THE CLERK'S OFFICE). (TDA) (Entered: 02/08/2010) |
| 02/11/2010 | <u>73</u> | MOTION to Seal by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ Fontaine Trust, U.A. *Deposition Exhibit 425* Motions referred to Edward B Atkins. (Attachments: # <u>1</u> Proposed Order)(Greenwell, Karen) (Entered: 02/11/2010) |
| 02/11/2010 | | (SEALED) Exhibit #425 received on behalf of Plaintiffs, named in DE # <u>73</u> . (MAINTAINED IN PAPER as a SEALED DOCUMENT IN THE CLERK'S OFFICE) (TDA) (Entered: |

02/16/2010)

02/12/2010                    ***MOTION SUBMITTED TO CHAMBERS of Judge Thapar
                              for review: re 73 MOTION to Seal (TDA) (Entered: 02/12/2010)

02/17/2010          74        ANSWER to Interrogatories from Defendants by Jean Webster,
                              Gary Webster, Patricia Fontaine, Mary Fontaine Carlson,
                              Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner,
                              The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora
                              Carlson Irrevocable Trust, The Raymond Street Group, LLC,
                              Cherry Driveway, LLC, Joan Casartello, Patricia Carucci
                              Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary,
                              Arlene Everett, MPJ Fontaine Trust, U.A.. (Attachments: # 1
                              Response to Cherry Driveway's Interrogatories, # 2 Response to
                              Dylan Klempner Interrogatories, # 3 Response to Gary Webster
                              Interrogatories, # 4 Response to Jean Webster Interrogatories, # 5
                              Response to Joan Casartello Interrogatories, # 6 Response to
                              Nora Carlson Trust Interrogatories, # 7 Response to Patricia
                              Schwartz Interrogatories, # 8 Response to Piaker Family Trust
                              Interrogatories, # 9 Response to Raymond Fontaine Trust
                              Interrogatories, # 10 Response to Raymond Street Group
                              Interrogatories, # 11 Response to Robert Carlson
                              Interrogatories)(Greenwell, Karen) (Entered: 02/17/2010)

02/17/2010          75        REQUEST for Admissions by Jean Webster, Gary Webster,
                              Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine
                              Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V.
                              Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable
                              Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC,
                              Joan Casartello, Patricia Carucci Schwartz, Piaker Family
                              Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ
                              Fontaine Trust, U.A.. (Attachments: # 1 Response to Cherry
                              Driveway Requests for Admissions, # 2 Response to Dylan
                              Klempner Requests for Admissions, # 3 Response to Gary
                              Webster Requests for Admissions, # 4 Response to Jean Webster
                              Requests for Admissions, # 5 Response to Joan Casartello
                              Requests for Admissions, # 6 Response to Nora Carlson Trust
                              Requests for Admissions, # 7 Response to Patricia Schwartz
                              Requests for Admissions, # 8 Response to Piaker Family Trust
                              Requests for Admissions, # 9 Response to Raymond Fontaine
                              Trust Requests for Admissions, # 10 Response to Raymond Street
                              Group Requests for Admissions, # 11 Response to Robert
                              Carlson Requests for Admissions)(Greenwell, Karen) (Entered:
                              02/17/2010)

02/17/2010          76        RESPONSE to Motion re 47 MOTION to Appoint Receiver by
                              Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine

Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan
Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc.,
The Nora Carlson Irrevocable Trust, The filed by P & J
Resources, Inc.. (Attachments: # 1 Proposed Order)(Shelton,
Billy) (Entered: 02/17/2010)

02/18/2010    77    ANSWER to Interrogatories from Defendants by Jean Webster,
Gary Webster, Patricia Fontaine, Mary Fontaine Carlson,
Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner,
The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora
Carlson Irrevocable Trust, The Raymond Street Group, LLC,
Cherry Driveway, LLC, Joan Casartello, Patricia Carucci
Schwartz, Piaker Family Irrevocable Trust, Rosemary Hillary,
Arlene Everett, MPJ Fontaine Trust, U.A..(Greenwell, Karen)
(Entered: 02/18/2010)

02/18/2010    78    REQUEST for Admissions by Jean Webster, Gary Webster,
Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine
Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V.
Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable
Trust, The Raymond Street Group, LLC, Cherry Driveway, LLC,
Joan Casartello, Patricia Carucci Schwartz, Piaker Family
Irrevocable Trust, Rosemary Hillary, Arlene Everett, MPJ
Fontaine Trust, U.A..(Greenwell, Karen) (Entered: 02/18/2010)

02/19/2010    79    MOTION for Summary Judgment by Jean Webster, Gary
Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E.
Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and
M.V. Fontaine Family Foundation, Inc., The Nora Carlson
Irrevocable Trust, The Raymond Street Group, LLC, Cherry
Driveway, LLC, Joan Casartello, Patricia Carucci Schwartz,
Piaker Family Irrevocable Trust, Rosemary Hillary, Arlene
Everett, MPJ Fontaine Trust, U.A. (Attachments: # 1
Memorandum in Support, # 2 Appendix A - Statement of Facts, #
3 Proposed Order, # 4 Exhibit 1 - Robert Carlson Affidavit Part 1,
# 5 Exhibit 1 - Robert Carlson Affidavit Part 2, # 6 Exhibit 2 -
Letter Agreements, # 7 Exhibit 3 - Kathleen Fowler Affidavit, # 8
Exhibit 4 - Chart of 30-Month Guarantee Wells, # 9 Exhibit 5 -
Woodward Report Part 1, # 10 Exhibit 5 - Woodward Report Part
2, # 11 Exhibit 5 - Woodward Report Part 3, # 12 Exhibit 5 -
Woodward Report Part 4, # 13 Exhibit 5 - Woodward Report Part
5, # 14 Exhibit 6 - Summary Chart of Damages, # 15 Exhibit 7 -
Chart of Well Investments, # 16 Exhibit 8 - List of Well Name
Discrepancies, # 17 Exhibit 9 - Settlement Agreement, # 18
Exhibit 10 - Sample Completion Report, # 19 Exhibit 11 - Miller
Report Part 1, # 20 Exhibit 11 - Miller Report Part 2, # 21 Exhibit
11 - Miller Report Part 3, # 22 Exhibit 11 - Miller Report Part 4,

# 23 Exhibit 11 - Miller Report Part 5, # 24 Exhibit 11 - Miller Report Part 6, # 25 Exhibit 11 - Miller Report Part 7, # 26 Exhibit 11 - Miller Report Part 8, # 27 Exhibit 11 - Miller Report Part 9, # 28 Exhibit 11 - Miller Report Part 10, # 29 Exhibit 12 - Ltr to Fontaine re 3 Well Drilling Program, # 30 Exhibit 13 - Ltr to Fontain re Loan, # 31 Exhibit 14 - Promissory Note, # 32 Exhibit 15 - Schedules showing damages calculations)(Greenwell, Karen) (Entered: 02/19/2010)

| | | |
|---|---|---|
| 02/22/2010 | 80 | ORDER: By prior order (R. 38 ), matter was set for a telephone conference to discuss briefing schedule for dispositive motions. On 2/22/10, undersigned initiated call to: Karen Greenwell & Billy Shelton. Mr. Shelton was not available at his office or on his cell phone. Having considered matter and being advised, IT IS ORDERED AS FOLLOWS: (1) By FEBRUARY 26, 2010, the Hon. Billy Shelton shall SHOW CAUSE for his failure to appear for the telephonic status conference; (2) Dft shall file any response to Plas Motion for Summary Judgment by MARCH 5, 2010; (3) Pla may file any reply by MARCH 12, 2010; (4) parties are put on notice that no extensions of these deadlines will be granted. Signed by Magistrate Judge Edward B. Atkins. (TDA)cc: COR Modified Judge on 2/24/2010 (TDA). (Entered: 02/23/2010) |
| 02/26/2010 | 81 | RESPONSE TO ORDER TO SHOW CAUSE by P & J Resources, Inc. 80 filed by P & J Resources, Inc.. (Shelton, Billy) (Entered: 02/26/2010) |
| 02/26/2010 | | ***FILE SUBMITTED TO CHAMBERS of Judge Atkins for review: 81 Response to Order to Show Cause. (TDA) (Entered: 02/26/2010) |
| 03/02/2010 | 82 | ORDER: On February 22, 2010, undersigned entered an order requiring the Hon. Billy Shelton to show cause for his failure to appear for a telephonic conference. (R. 80 ). Mr. Shelton has provided reasons for his failure to appear and assures Court that he will be present for any future proceedings. (R. 81 ). Having considered matter fully, and Court being advised, IT IS ORDERED that the Show Cause Order (R. 80 ) is DISCHARGED. Signed by Magistrate Judge Edward B Atkins. (TDA)cc: COR (Entered: 03/02/2010) |
| 03/03/2010 | 83 | REPLY to Response to Motion re 47 MOTION to Appoint Receiver by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The filed |

by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 03/03/2010)

| 03/04/2010 | | ***MOTION SUBMITTED TO CHAMBERS of Judge Thapar for review: re 47 MOTION to Appoint Receiver (TDA) (Entered: 03/04/2010) |
|---|---|---|
| 03/05/2010 | 84 | **"STRICKEN pursuant to Order 85 ."** Modified on 3/10/2010 (TDA). (Entered: 03/05/2010) |
| 03/10/2010 | 85 | ORDER: Dfts response 84 did not comply with Court's Scheduling Order. R. 19 . Court would like to discuss plas motion to appoint a receiver, R. 47 , and plas motion for summary judgment, R. 79 , with parties. It is ORDERED asfollows: (1) A telephonic conference among counsel and undersigned is scheduled for **March 22, 2010, at 2:00 p.m.** (2) undersigned's chambers shall initiate conference call, and lead counsel for each party shall be prepared to discuss pending motions. (3) A court reporter is needed to transcribe proceedings and shall be provided by Court. (4) dfts response, R. 84 , is **STRICKEN** from the record. (5) dfts **SHALL FILE** response to motion for summary judgment in compliance with Scheduling Order by March 15, 2010. (6) The motion to seal, R. 73 , is **GRANTED**. Signed by Judge Amul R. Thapar. (TDA)cc: COR (Entered: 03/10/2010) |
| 03/11/2010 | 86 | ORDER: On February 22, 2010, undersigned entered an order setting a briefing schedule for dispositive motions. (R. 80 ). On March 10, 2010, US District Judge Amul R. Thapar entered an order setting new deadlines. (R. 85 ). Having considered matter fully, and Court being advised, IT IS ORDERED AS FOLLOWS: (1) deadlines contained in undersigned's order of February 22, 2010, (R. 80 ) are VACATED; (2) parties shall comply with deadlines set forth in Judge Thapar's order of March 10, 2010 85 . Signed by Magistrate Judge Edward B Atkins. (TDA)cc: COR (Entered: 03/11/2010) |
| 03/15/2010 | 87 | RESPONSE to Motion re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The *Response to Motion for* |

*summary Judgment* filed by P & J Resources, Inc.. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibit A - Affidavit of Ricard Williams, # 3 Exhibit Exhibit B - Response to Plaintiffs' Statement of facts, # 4 Proposed Order)(Shelton, Billy) (Entered: 03/15/2010)

| | | |
|---|---|---|
| 03/18/2010 | 88 | REPLY to Response to Motion re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The filed by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Attachments: # 1 Exhibit 1 - Weather Shut In Letter, # 2 Exhibit 2 - Shut In Letter to Royalty Holders, # 3 Exhibit 3 - Shut In Letter to Investors, # 4 Exhibit 4 - Kathleen Fowler Affidavit)(Greenwell, Karen) (Additional attachment(s) added on 3/23/2010: # 5 Exhibit 4 - (Signed) Kathleen Fowler Affidavit) (TDA). (Entered: 03/18/2010) |
| 03/19/2010 | | NOTICE OF DEFICIENCY TO HON. KAREN GREENWELL re 88 Affidavit attached to [Reply]; a scanned copy of the original signature for the affiant and notary must be filed. Entry by attorney; within 7 calendar days, prepare a pleading entitled "Notice of Filing" (with a certificate of service), file the Notice using the event "Notice of Filing," attach a scanned copy of the Affidavit with the original signature of the affiant and notary. cc: COR (TDA) (Entered: 03/19/2010) |
| 03/22/2010 | 89 | NOTICE OF FILING by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster re 88 Reply to Response to Motion,,, (Attachments: # 1 Affidavit Affidavit of Kathleen Fowler)(Greenwell, Karen) (Entered: 03/22/2010) |
| 03/22/2010 | 90 | MINUTE ENTRY FOR TELEPHONE CONFERENCE: proceedings held on 3/22/2010 before Judge Amul R. Thapar; (1) |

Plas motion to appoint a receiver, R. 47 , is **DENIED** without prejudice. (2) Counsel for pla & dfts shall discuss plas assets that may be dissipated w/in next 2 months before conference call SCHEDULED for **March 26, 2010, at 3:00 p.m.** They shall be prepared to discuss assets with Court and any proposed solution. See items A & B. (3) Supplemental briefing by both parties on plas motion for summary judgment, R. 79 , be filed by **March 30, 2010, at 5:00 p.m** on following issues: See items A-C. (4) parties may file reply to supplemental briefing by **April 2, 2010**. (5) Pretrial conference scheduled for April 19, 2010, is **VACATED** and **RE-SCHEDULED** as telephonic pretrial conference on **May 3, 2010, at 3:00 p.m.** See items A & B. Signed by Judge Amul R. Thapar. (Court Reporter SHANDY EHDE) (TDA)cc: COR (Entered: 03/22/2010)

| | | |
|---|---|---|
| 03/22/2010 | | Set Hearings: Oral Argument set for 3/26/2010 at 3:00 PM before Judge Amul R. Thapar, per Order #90. (TDA) (Entered: 03/24/2010) |
| 03/26/2010 | 91 | MINUTE ENTRY ORDER: Court held telephonic conference to discuss plas need for a receiver. Parties reached agreement on preserving five leases that may be dissipated before current trial date. Parties will try to reach agreement regarding receiver. It is **ORDERED** as follows: (1) Supplemental briefing by both parties on plas motion for summary judgment, R. 79 , be filed before **midnight** on **March 30, 2010**, on following issues: A. Whether statute of frauds applies to contracts. B. Whether statements allegedly made by Mr. Fontaine to Mr. Williams are admissible. C. Whether issue of waiver applies. (2) Parties may file reply to supplemental briefing before **midnight** on **April 2, 2010**. Signed by Judge Amul R. Thapar. (Court Reporter LACARTHA PATE) (TDA)cc: COR (Entered: 03/26/2010) |
| 03/30/2010 | 92 | SUPPLEMENTAL RESPONSE in Opposition re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The filed by P & J Resources, Inc. (Attachments: # 1 Exhibit Exhibit A to Syupplemental Response to MSJ, # 2 Exhibit Exhibit B to Supplemental Response to MSJ, # 3 Exhibit Exhibit C to Supplemental Response to MSJ)(Shelton, Billy) Modified text on 3/31/2010 (TDA). (Entered: 03/30/2010) |
| 03/30/2010 | 93 | SUPPLEMENTAL BRIEF in Support of Motion re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, |

Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine
Family Foundation, Inc., The Nora Carlson Irrevocable Trust,
The filed by Mary Fontaine Carlson, Robert Carlson, Joan
Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia
Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family
Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson
Irrevocable Trust, The R.E. and M.V. Fontaine Family
Foundation, Inc., The Raymond Street Group, LLC, Raymond E.
Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean
Webster. (Attachments: # 1 Exhibit A - Vol 8 Williams & Myers
Oil & Gas Law, # 2 Exhibit B - Volume 1 Williams & Myers Oil
& Gas Law, # 3 Exhibit C - Affidavit of Robert
Carlson)(Greenwell, Karen) Modified text on 3/31/2010 (TDA).
(Entered: 03/30/2010)

| 04/02/2010 | 94 | REPLY in Opposition re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The *Reply to Supplemental Brief in Support of Motion for Summary Judgment* filed by P & J Resources, Inc.. (Shelton, Billy) Modified text on 4/5/2010 (TDA). (Entered: 04/02/2010) |
| --- | --- | --- |
| 04/02/2010 | 95 | REPLY to Response to Motion re 79 MOTION for Summary Judgment by Jean Webster, Gary Webster, Patricia Fontaine, Mary Fontaine Carlson, Raymond E. Fontaine Trust, Robert Carlson, Dylan Klempner, The R.E. and M.V. Fontaine Family Foundation, Inc., The Nora Carlson Irrevocable Trust, The *Supplemental Reply Brief in Support of Motion for Summary Judgment* filed by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Attachments: # 1 Exhibit Letter RE Shut In of Wells, # 2 Exhibit Letter RE Shut In of Wells, # 3 Exhibit Letter RE Shut In of Wells, # 4 Exhibit McCormick on Evidence)(Greenwell, Karen) (Entered: 04/02/2010) |
| 04/05/2010 | | ***FILE SUBMITTED TO CHAMBERS of Judge Thapar for review: 92 Supplemental Response; 93 Supplemental Brief; 94 Reply to Supplemental Brief; and 95 Supplemental Reply Brief, filed pursuant to Minute Order 91 . (TDA) (Entered: 04/05/2010) |

| | | |
|---|---|---|
| 04/15/2010 | <u>96</u> | MEMORANDUM OPINION & ORDER: Plas motion for summary judgment, R. <u>79</u> , is **GRANTED IN PART** and **DENIED IN PART**: (1) On counts II & III, plas claims for breach of the 30-Month Guarantee and 100-MCF Production Guarantee, summary judgment is **GRANTED**; (2) On count V, plas claim for breach of the $300,000 Loan Agreement, summary judgment is **GRANTED**; (3) On count X, plas claim for a declaration that it is not part of CDDL, summary judgment is **GRANTED**; (4) On count IX, joint and several liability/pierce the corporate veil, summary judgment is **DENIED**; and (5) Telephone Conference is set for **April 22, 2010 at 2:30 p.m.** The undersigned's chambers shall initiate conference call, and lead counsel be prepared to discuss status of remaining claims. A court reporter is needed and will be provided by Court. Signed by Judge Amul R. Thapar on 4/15/2010. (TDA)cc: COR (Entered: 04/15/2010) |
| 04/19/2010 | <u>97</u> | Proposed Jury Instructions by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 04/19/2010) |
| 04/19/2010 | <u>98</u> | Witness List by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 04/19/2010) |
| 04/19/2010 | <u>99</u> | PRETRIAL MEMORANDUM by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 04/19/2010) |
| 04/19/2010 | <u>100</u> | Exhibit List by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia |

|  |  |  |
|---|---|---|
|  |  | Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster.. (Greenwell, Karen) (Entered: 04/19/2010) |
| 04/22/2010 | 101 | MINUTE ENTRY FOR TELEPHONE CONFERENCE: proceedings held on 5/3/2010 before Judge Amul R. Thapar; The piercing claims will be ruled on post-trial based on arguments and facts that were raised at trial. Final Pretrial Conference will remain set as a Telephone Conference on May 3, 2010 at 3:00 PM. (Court Reporter LACARTHA PATE) (TDA)cc: COR (Entered: 04/22/2010) |
| 04/26/2010 | 102 | MOTION in Limine by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster *to Preclude Defendants from Offering Testimony Regarding Tax Benefits* Motions referred to Edward B Atkins. (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Greenwell, Karen) (Entered: 04/26/2010) |
| 04/26/2010 | 103 | NOTICE OF FILING by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster *Objection to Defendants' Failure to File Witness and Exhibit Lists* (Greenwell, Karen) (Entered: 04/26/2010) |
| 04/26/2010 | 104 | STATEMENT OF CASE by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 04/26/2010) |
| 04/26/2010 | 105 | Proposed Voir Dire by Mary Fontaine Carlson, Robert Carlson, |

Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster. (Greenwell, Karen) (Entered: 04/26/2010)

| 05/03/2010 | 106 | RESPONSE to 103 Plaintiffs' Ojection to defendants' failure to file Witness and Exhibit List filed by P & J Resources, Inc.. (Shelton, Billy) (Entered: 05/03/2010) |

| 05/04/2010 | 107 | ORDER: Court held telephonic final pretrial conference on 5/3/2010. (1) The estimated length of trial is 5 days. Dfts request unanimous verdict pursuant ot FRCP 48(b). (2) Dfts supplement their witness list by **May 7, 2010**, with summaries of witness testimony. Plas do not object to this extension. (3) dfts do not object to plas motions to preclude, R. 102 . Thus, the motion is **GRANTED**. Dft precluded from introducing any evidence pertaining to Mr. Fontaine's tax benefits from investments with P & J Resources. (4) parties file objections to any exhibits by **May 12, 2010**. If there are any objections, Court will hold a status conference on **May 17, 2010, at 1:00 p.m.** to resolve objections and determine which exhibits will be pre-admitted. If no objections to exhibits, status conference will be vacated and all exhibits listed on plas list will be pre-admitted. (5) plas file any changes to their Fed. R. Evid. 1006 summary exhibit by **May 10, 2010**. Dfts file objections by **May 12, 2010**. (6) parties file with Court any stipulations they want read to jury by **May 12, 2010**. (7) parties shall file with Court any supplemental briefing on issue of piercing corporate veil by **May 12, 2010**. (8) parties notify Court if they wish to schedule settlement conference with Magistrate Judge Atkins before trial. Signed by Judge Amul R. Thapar on 5/4/2010. (TDA) (COURT REPORTER: GEORGIENE SCRIVNER) cc: COR Modified text on 5/13/2010 (TDA). (Entered: 05/04/2010) |

| 05/04/2010 | 108 | NOTICE OF FILING by P & J Resources, Inc. of Amended Witness and Exhibit List (Shelton, Billy) (Entered: 05/04/2010) |

| 05/10/2010 | 109 | NOTICE OF FILING by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean |

Webster re 107 Order, Set Deadlines/Hearings, Terminate Motions,,,,,,,,,,,,,,,, *of Fed R. Evid. 1006 Summary Exhibits* (Attachments: # 1 Exhibit 1 - List of Wells, # 2 Exhibit 2 - Rosemary Hill Well, # 3 Exhibit 3 - Jean Webster Wells, # 4 Exhibit 4 - Patricia Fontaine Wells, # 5 Exhibit 5 - Mary F. Carlson Wells, # 6 Exhibit 6 - Robert Carlson Wells, # 7 Exhibit 7 - A. Bailey # 2, # 8 Exhibit 8 - Arnett #7, # 9 Exhibit 9 - Arnett #8, # 10 Exhibit 10 - Bailey #1, # 11 Exhibit 11 - Bates #1, # 12 Exhibit 12 - Circle J. Farms #3, # 13 Exhibit 13 - Circle J. Farms #5, # 14 Exhibit 14 - Clay Prater #2, # 15 Exhibit 15 - Clay Prater #3, # 16 Exhibit 16 - Dunn et al #2, # 17 Exhibit 17 - Dunn et al #3, # 18 Exhibit 18 - Fontaine #1, # 19 Exhibit 19 - Frazier #11, # 20 Exhibit 20 - Frazier #12, # 21 Exhibit 21 - Isom Stephens #1, # 22 Exhibit 22 - Isom Stephens #2, # 23 Exhibit 23 - Isom Stephens #3, # 24 Exhibit 24 - Johnson #1, # 25 Exhibit 25 - KN Salyer #4, # 26 Exhibit 26 - KN Salyer #5, # 27 Exhibit 27 - Minix #3, # 28 Exhibit 28 - P&J Well #1, # 29 Exhibit 29 - P&R Trust #5, # 30 Exhibit 30 - Reed #1, # 31 Exhibit 31 - Reed #2, # 32 Exhibit 32 - Reed #3, # 33 Exhibit 33 - Reed #4, # 34 Exhibit 34 - Rowe #1, # 35 Exhibit 35 - Circle J. Farms #4, # 36 Exhibit 36 - J. Puckett #1)(Greenwell, Karen) Modified text on 5/11/2010 (TDA). (Entered: 05/10/2010)

| 05/10/2010 | 110 | NOTICE OF FILING by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster re 107 Order, Set Deadlines/Hearings, Terminate Motions,,,,,,,,,,,,,,,, *of Fed R. Evid. 1006 Summary Exhibits* (Attachments: # 1 Exhibit 37 - Martin #1, # 2 Exhibit 38 - Martin #5, # 3 Exhibit 39 - RC May #10, # 4 Exhibit 40 - RC May #11, # 5 Exhibit 41 - RC May #12, # 6 Exhibit 42 - Two Well Program, # 7 Exhibit 43 - Three Well Program II, # 8 Exhibit 44 - Arnett #10, # 9 Exhibit 45 - Circle J. Farms #1, # 10 Exhibit 46 - Circle J. Farms #11, # 11 Exhibit 47 - Circle J. Farms #12, # 12 Exhibit 48 - Circle J. Farms #2, # 13 Exhibit 49 - Circle J. Farms #6, # 14 Exhibit 50 - Circle J. Farms #7, # 15 Exhibit 51 - Clay Prater #1, # 16 Exhibit 52 - Fred Howard #1, # 17 Exhibit 53 - FS Martin #2, # 18 Exhibit 54 - FS Martin #3, # 19 Exhibit 55 - FS Martin #4, # 20 Exhibit 56 - Harry Puckett #1, # 21 Exhibit 57 - JW Howard #3, # 22 Exhibit 58 - Kash Arnett #2, # 23 Exhibit 59 - KN Salyer #2, # 24 Exhibit 60 - KN Salyer #3, # 25 Exhibit 61 - Minix #1, # 26 Exhibit 62 - Minix #2, # 27 Exhibit 63 - P&R |

|  |  | Trust #1, # <u>28</u> Exhibit 64 - P&R Trust #2, # <u>29</u> Exhibit 65 - P&R Trust #3, # <u>30</u> Exhibit 66 - P&R Trust #4, # <u>31</u> Exhibit 67 - P&R Trust #8, # <u>32</u> Exhibit 68 - P&R Trust #9, # <u>33</u> Exhibit 69 - RA Wireman #1, # <u>34</u> Exhibit 70 - RA Wireman #2, # <u>35</u> Exhibit 71 - RA Wireman #3, # <u>36</u> Exhibit 72 - Reed #5, # <u>37</u> Exhibit 73 - Reed #6)(Greenwell, Karen) (Entered: 05/10/2010) |
|---|---|---|
| 05/11/2010 | <u>111</u> | ORDER: (1) The trial date of May 18, 2010, is VACATED; (2) A telephonic conference is scheduled for Wednesday, May 12, 2010, at 2:00 p.m. to discuss the rescheduling of the jury trial; (3) The undersigneds chambers shall initiate the conference call; and (4) A court reporter is needed to transcribe the proceedings and will be provided by the Court. (TELEPHONE CONFERENCE set for 5/12/2010 at 02:00 PM in LONDON before Judge Amul R. Thapar.). Signed by Judge Amul R. Thapar on 5/11/2010.(JMB)cc: COR (Entered: 05/11/2010) |
| 05/12/2010 | <u>112</u> | MINUTE ENTRY ORDER: matter called for telephonic conference on May 12, 2010, to discuss rescheduling of jury trial. Accordingly, it is **ORDERED** as follows: (1) Both plas and dfts have consented to Magistrate Judge Atkins conducting trial in this matter. Judge Atkins will set a telephonic conference by separate order to discuss a new trial date. (2) The pre-trial filing deadlines, R. <u>107</u> , are **SUSPENDED** and will be rescheduled once a trial date is set. (3) The hearing on exhibit objections set for Monday, May 17, 2010, is **CANCELED**. Signed by Judge Amul R. Thapar on 5/12/2010. (Court Reporter Sandy Wilder) (TDA)cc: COR (Entered: 05/12/2010) |
| 05/12/2010 |  | Case Reassigned to Magistrate Judge Edward B Atkins. Judge Amul R. Thapar no longer assigned to the case. Case reassigned pursuant to Minute Entry Order <u>112</u> . (TDA) (Entered: 05/13/2010) |
| 05/25/2010 | <u>113</u> | ORDER: matter shall come before undersigned for a TELEPHONIC CONFERENCE on 6/15/2010 at 12:00 PM. Undersigned's office will initiate call during which counsel shall be prepared to discuss available trial dates. If counsel will not be available at the numbers listed on the docket sheet of this action they shall contact the undersigned's chambers immediately at (606) 437-7338. Signed by Magistrate Judge Edward B. Atkins on 5/25/2010. (RKT) cc: COR (Entered: 05/25/2010) |
| 05/26/2010 | <u>114</u> | TRANSCRIPT of Proceedings: TELEPHONE CONFERENCE held on 5/12/2010 before Judge Amul R. Thapar. Court Reporter: SANDY C. WILDER, Telephone number 859-332-0003. Transcript ordered by: Plaintiffs' Attorney Karen J. Greenwell. |

IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS: In order to remove personal identifier data from the transcript, a party must follow the Court's policy regarding the Redaction Responsibility of Counsel and Parties. The policy governing the redaction of personal information is located on the court website at www.kyed.uscourts.gov. Read this policy carefully. Sample forms, i.e., a Notice of Intent to Redact, may be found on the court website by clicking on Local Forms. If there are no redactions requested, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available via PACER 90 days from today's date. The Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction.. Redaction Request due 6/21/2010. Redacted Transcript Deadline set for 7/1/2010. Release of Transcript Restriction set for 8/27/2010. (MCB) (Entered: 05/26/2010)

| | | |
|---|---|---|
| 05/28/2010 | 115 | MOTION for Order by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster *for Final Certification and Entry of Judgment* (Attachments: # 1 Memorandum in Support, # 2 Proposed Order)(Greenwell, Karen) (Entered: 05/28/2010) |
| 06/08/2010 | 116 | MOTION for Summary Judgment by Mary Fontaine Carlson, Robert Carlson, Joan Casartello, Cherry Driveway, LLC, Arlene Everett, Patricia Fontaine, Rosemary Hillary, Dylan Klempner, Piaker Family Irrevocable Trust, Patricia Carucci Schwartz, The Nora Carlson Irrevocable Trust, The R.E. and M.V. Fontaine Family Foundation, Inc., The Raymond Street Group, LLC, Raymond E. Fontaine Trust, MPJ Fontaine Trust, U.A., Gary Webster, Jean Webster *Plaintiffs' Renewed Motion to Impose Joint and Several Liability on the Defendants* (Attachments: # 1 Memorandum in Support of Plaintiffs' Renewed Motion to Impose Joint and Several Liability on the Defendants, # 2 Exhibit 1 - Memo in Support of Pl's Mt for SJ and for Certification and Entry of Judgment, # 3 Proposed Order)(Greenwell, Karen) (Entered: 06/08/2010) |
| 06/14/2010 | 117 | NOTICE by P & J Resources, Inc. *of Abatement* (Langdon, Dean) (Entered: 06/14/2010) |
| 06/17/2010 | 118 | ORDER: matter was set for a telephonic conferece for 6/17/2010 to dicuss setting matter for trial. Notice was filed that Dft P & J |

Resources had filed bankruptcy (R. <u>117</u> ). Counsel having been heard, and Court being advised, IT IS ORDERED THAT counsel for Pla shall contact opposing counsel and undersigned upon resolution of Plas motion for relief from stay, which will be filed in US Bankruptcy Court. Signed by Magistrate Judge Edward B Atkins on 6/17/2010. (TDA)cc: COR (Entered: 06/17/2010)

# PACER Service Center

## Transaction Receipt

06/18/2010 11:53:04

| **PACER Login:** | ww0232 | **Client Code:** | firm |
|---|---|---|---|
| **Description:** | Docket Report | **Search Criteria:** | 7:08-cv-00220-EBA Starting with document: 117 |
| **Billable Pages:** | 6 | **Cost:** | 0.48 |

Z:\Clients\P & J Resources, Inc\State Court Actions\Fontaine 08-cv-00220\Docket\Fontaine 08-cv-00220 EDKY Docket 20100618.doc