UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

IN RE:

P & J RESOURCES, INC.

DEBTOR

CASE NO. 10-70470
CHAPTER 11

**LIMITED OBJECTION TO MOTION FOR RELIEF FROM
AUTOMATIC STAY AND FOR TURNOVER OF PROPERTY
FILED BY EMERALD OIL & GAS NL AND
EMERALD GAS DEVELOPMENT USA, LLC**

Comes P & J Resources, Inc., as Debtor and Debtor in Possession (the "Debtor"), by counsel, and hereby files its Limited Objection to the Motion for Relief from Automatic Stay and for Turnover of Property (the "Motion") [Doc. No. 54] filed on behalf of Emerald Oil & Gas, NL ("Emerald OG") and Emerald Gas Development USA, LLC ("Emerald GD," and with Emerald OG, "Emerald")  In support of its Limited Objection, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. On June 11, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief with this Court pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code").  The Debtor is operating its business as a debtor and debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G).

3. The Debtor is a Kentucky corporation which maintains its principal place of business in Magoffin County, Kentucky.  Accordingly, venue for the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

1

## BACKGROUND

4. The Debtor was incorporated on June 14, 1994. The Debtor is a Kentucky Corporation that owns and operates oil and gas wells in Eastern Kentucky and Southern West Virginia. Pamela Williams is the sole shareholder of the Debtor and is also its President and Treasurer. Richard Williams is Secretary and Vice President of Operations of the Debtor.

5. The Debtor has the ability to derive income from gas wells in a variety of ways, including but not limited to: i) as the owner of a working interest; ii) as the owner of a leasehold interest; and iii) as a well operator. In addition, the Debtor may be able to generate income from one or more gas gathering or gas transmission systems.

6. On or about July 5, 2009, the Debtor entered into an Operating Agreement[1] with Emerald GD for the purpose of operating eight (8) wells (the "Emerald Wells") in Magoffin County, Kentucky. A copy of the Operating Agreement is attached to the Motion as Exhibit A and purports to be effective as of July 5, 2008. The Debtor simultaneously entered into the EWDA with Emerald GD regarding the operation of both existing and additional wells in which the Debtor or affiliates had an interest. The Debtor believes that the Operating Agreement and the EWDA are executory contracts which may be assumable, and may generate value for its creditors.

7. The Debtor posted cash bonds for five (5) of the Emerald Wells in March and June of 2009, as reflected by the email from Marvin Combs attached as <u>Exhibit 1</u>. Those bonds remain in full force and effect, and are property of the Debtor's Estate.

8. Several of the Emerald Wells were in production during the fall of 2009, however, the gas from the wells required chemical treatment before it could be sold. Emerald GD initially provided funds for the chemical treatment, but after the initial batch was used,

2

Emerald GD declined to pay for any additional chemical treatments. Consequently, production from the Emerald Wells stopped in late 2009.

9. The Debtor also executed an Assignment on June 29, 2009 (but effective July 5, 2008) whereby it assigned certain property rights to Emerald GD. The Assignment is attached to the Motion as Exhibit B. Pursuant to the terms of the Assignment, the Debtor retained a $1/16^{th}$ (6.25%) override royalty interest in any gas produced by the wells, and a twenty (20%) percent "back-in" working interest in the wells, payable after recovery of the costs of drilling and production.

## LIMITED OBJECTION

10. The Debtor objects to the Motion to the extent it seeks relief beyond replacement of the operator of the wells; to clarify that the replacement operator must replace the bonds posted by the Debtor and execute documentation necessary to transfer the wells; and to require that Emerald account for and compensate the Debtor for all sums due under the Operating Agreement, EDWA and the Assignment.

11. The cash bonds posted by the Debtor total $14,500.00, and those funds are property of the Estate. The Debtor does not object to Emerald's appointment of a replacement operator, but insists that any replacement operator first replace the existing bonds posted by the Debtor. This should result in the funds on deposit with the Commonwealth of Kentucky being returned to the Debtor. In addition, any replacement operator should be required to execute any documentation required by the Kentucky Department for Natural Resources, Division of Oil & Gas to relieve the Debtor from any ongoing obligations as operator of the wells under the Operating Agreement.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

12. Emerald seeks relief not only to appoint and install a replacement operator for the wells, but also to "exercise all rights of termination" including issuing notices and pursuing its rights under the Operating Agreement (and presumably the EWDA). The Debtor objects to granting such relief because the contracts are executory and were not terminated pre-petition. Accordingly, the Debtor's rights under the Operating Agreement, EWDA and Assignment have value which needs to be preserved for the benefit of the Estate. In the Motion, Emerald seeks relief from the stay to "exercise all rights of termination available to it under an Operating Agreement…" and "…to initiate such notice process, and pursuant to same, to pursue all rights and remedies for such." (Motion, at preamble and Par. 13). The Court should decline to grant such broad relief to Emerald at this juncture of the case. The Debtor should be allowed the time provided by 11 U.S.C. § 365 to evaluate and determine if there is any value in assuming or assuming and assigning the executory contracts with Emerald. Granting relief from the stay to permit Emerald to initiate termination of the Operating Agreement or EWDA could result in harm to the Estate and its assets.

13. The Debtor also seeks confirmation from Emerald that it will honor the terms of the Assignment and pay the Debtor for the interests it retains in the Emerald Wells once operations resume, including accounting and promptly paying for same. The Debtor is concerned that Emerald may claim a right under the Operating Agreement to retain and set off funds which would otherwise be payable to the Debtor under the Assignment. The Debtor denies and disputes that Emerald has any such rights under the Operating Agreement or otherwise, and believes that the Motion presents the appropriate time to clarify this issue.

## **CONCLUSION**

14. In summary, the Debtor does not object to Emerald's request to lift the automatic stay for the purpose of appointing a replacement operator as long as bonds are replaced and the operator takes the steps necessary to remove the Debtor as operator.  Nor does the Debtor object to Emerald's request to turnover certain property pursuant to the Assignment.  However, the Debtor objects to relief from the automatic stay to the extent Emerald would be permitted to seek to terminate the Operating Agreement or EWDA, or to enforce any other remedies under those agreements.  Finally, the Debtor seeks clarification that Emerald must pay the Debtor all sums due under the Assignment once production resumes at the Emerald Wells.

WHEREFORE, based on the foregoing, the Debtor respectfully requests that the Motion for relief from the automatic stay be partially granted and partially denied, and that the Debtor be granted any and all other relief to which it may be entitled.

    Respectfully submitted,

    DELCOTTO LAW GROUP PLLC

    /s/ Dean A. Langdon, Esq.
    T. Kent Barber, Esq.
    200 North Upper Street
    Lexington, KY 40507
    Telephone:  (859) 231-5800
    Facsimile:   (859) 281-1179
    dlangdon@dlgfirm.com
    kbarber@dlgfirm.com
    COUNSEL FOR DEBTOR AND
    DEBTOR IN POSSESSION

## **CERTIFICATE OF SERVICE**

In addition to the parties who will be served electronically by the Court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing was served by electronic mail or first-class U.S. mail, postage prepaid, as indicated, on August 11, 2010, on the parties listed on Master Service List No. 3 dated July 15, 2010 [Doc. No. 42].


/s/ Dean A. Langdon, Esq.
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION


Z:\Clients\P & J Resources, Inc\Pleadings\Relief Motion Emerald Ltd Ob 20100811.doc

# EXHIBIT 1

**Beverly Rawlings**

| | |
|---|---|
| **From:** | Combs, Marvin (EEC) [Marvin.Combs@ky.gov] |
| **Sent:** | Monday, August 09, 2010 2:13 PM |
| **To:** | Beverly Rawlings |
| **Subject:** | P & J Bonded Wells |
| **Attachments:** | P & J Resources, Inc Bonded Wells.doc |

Beverly,
Attached is a listing  P & J wells with current bonds.

Marvin

1

# P & J RESOURCES
# RICHARD WILLIAMS
# (Bonded Wells)

As of 8/31/2009

| Permit # | Lease Name/Well Number | Amount | Date |
|---|---|---|---|
| 99385 | Donald Cecil, Well #DC-1 | $2,500.00 | 6/22/09 |
| 98761 | John Montgomery, Well #JM-2 | $3,000.00 | 6/22/09 |
| N12701 | D J Vanderpool, Well #5 | $3,000.00 | 6/22/09 |
| 98760 | John Montgomery, Well #JM-1 | $3,000.00 | 3/11/09 |
| 99277 | Keith Thomas, Well #TK-1 | $3,000.00 | 3/11/09 |

Pending Bond for

| N12123 | Morgan Rowe, Well #1 | $2,500.00 | 9/28/05 |

(This transfer is pending due violations against P & J Resources, Inc.)

All of these bonds are individual cash bonds.